

Conrad K. Chiu
Bryan T. Mohler
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806
cchiu@pryorcashman.com
bmohler@pryorcashman.com

*Attorneys for Defendant Comerica Bank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAMESH SARVA individually and on behalf of RAMESH SARVA CPA, P.C.,

    Plaintiffs,

- against -

COMERICA BANK,

    Defendant.

---

Civ. No.

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441(a), 1441(b), AND 1446 (DIVERSITY)**

TO: **THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, ALL INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, Defendant Comerica Bank, a Texas banking association ("Comerica") files this Notice of Removal. As grounds for the removal, Comerica states as follows:

1. **JURISDICTION**: The underlying state court action is a matter over which this Court has original diversity jurisdiction under 28 U.S.C. Section 1332 and is properly removable pursuant to the provisions of 28 U.S.C. Sections 1441(a) and (b), because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Plaintiffs are citizens of New York, and Comerica is a bank organized under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

2.  **BASIS FOR REMOVAL:** On or about December 10, 2014, Plaintiffs Ramesh Sarva, an individual, and Ramesh Sarva CPA, P.C., ("Plaintiffs") filed a Summons and Verified Complaint (the "Complaint") against Comerica in the Supreme Court of the State of New York, County of Queens, Index No. 17765/2014. The Complaint alleges three causes of action against Comerica for (1) Breach of Contract, (2) Account Stated, and (3) Quantum Meruit. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit "A"** are copies of all process, pleadings, and orders served on Comerica in the state action, *i.e.*, the Summons and the Verified Complaint.

Comerica was served with the Complaint on December 18, 2014. Pursuant to 28 U.S.C. Section 1446 and Rule 6 of the Federal Rules of Civil Procedure, Comerica has until January 20, 2015 to file a notice of removal. This Notice of Removal is therefore timely filed.

Pursuant to 28 U.S.C § 124(b) the United States District Court for the Eastern District of New York is the federal judicial district encompassing the Supreme Court of the State of New York, County of Queens, where this suit was originally filed.

The Court has original diversity jurisdiction under 28 U.S.C. Section 1332 and is properly removable pursuant to the provisions of 28 U.S.C. Sections 1441(a) and (b), because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

Complete diversity of citizenship exists in that:  As alleged in the Complaint, Plaintiff Ramesh Sarva is a citizen of the state New York and Plaintiff Ramesh Sarva CPA, P.C. is a professional corporation with its principal place of business in the state of New York. (Complaint, ¶¶ 1-2.) Comerica is, and at the time the Complaint was filed was, a banking association organized and existing under the laws of the state of Texas with its principal place of business in the state of Texas. (*Id.* at ¶ 3.)

Plaintiffs' Complaint alleges that Comerica owes them "in excess of $1,700,000." (Complaint, ¶¶ 11, 13, 15, 17, and 18.) Therefore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

3. **NOTICE**: Attached hereto as **Exhibit "B"** is a copy of the Notice To State Court And Plaintiffs Of Filing Of Notice Of Removal To Federal Court. Comerica will promptly serve Exhibit "B" on counsel for Plaintiffs, and will file it with the Supreme Court of the State of New York, County of Queens. *See* 28 U.S.C. §§ 1446(a), (d).

4. **NON-WAIVER**: In filing this Notice of Removal, Comerica does not waive, and expressly reserves, all defenses available to it, and reserves all rights.

**WHEREFORE**, Comerica requests that the above-entitled action now pending in the Supreme Court of the State of New York County of Queens be removed to this Court.

Dated: New York, New York
January 15, 2015

                              PRYOR CASHMAN LLP

                              By: s/Bryan T. Mohler
                                    Conrad K. Chiu
                                    Bryan T. Mohler
                              7 Times Square
                              New York, New York 10036
                              (212) 421-4100
                              cchiu@pryorcashman.com
                              bmohler@pryorcashman.com

                              *Attorneys for defendant Comerica Bank*

TO:   Bernard Ouziel, Esq.
        13 Schoolhouse Lane
        Great Neck, New York 11020
        (516) 466-0082
        *Attorneys for Plaintiffs*

Aldine ™ Enviro-Tab ™   Mixed Sources Cert no. SW-COC-1942 ©1996 FSC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------x
RAMESH SARVA individually and on behalf of
RAMESH SARVA CPA, PC.

      Plaintiffs,

-against-

COMERICA BANK

      Defendants
----------------------------------------x

Index No. 17765-14

SUMMONS

TO DEFENDANTS:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiffs herein and to serve a copy of your answer on the plaintiffs at Queens Supreme Court, 88-11 Sutphin Boulevard, Jamaica, NY within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty (30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: December 10, 2014

                                    Bernard Ouziel, Esq.
                                    Attorney for Plaintiffs
                                    13 Schoolhouse Lane
                                    Great Neck, NY 11020

RECEIVED
DEC 10 2014
COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------x
RAMESH SARVA individually and on behalf of
RAMESH SARVA CPA, P.C.

       Plaintiffs,

-against-

COMERICA BANK

       Defendants.
------------------------------------x

Index No.

VERIFIED COMPLAINT

    Plaintiffs, by their attorney Bernard Ouziel, Esq., as and for its Complaint against Defendant, allege as follows:

1. At all times herein, Plaintiff Ramesh Sarva was and is an individual residing at 251-24 57th Avenue, Queen, NY.

2. At all times herein, Plaintiff Ramesh Sarva CPA, P.C. was and is a professional corporation engaged in accounting with principal offices at 109-17 72nd Road, Suite 6R, Forest Hills, NY 11375.

3. Ramesh Sarva is the principal of Ramesh Sarva CPA, P.C.

4. Upon information and belief, defendant Comerica Bank is a corporation headquartered in Dallas, Texas, doing business in New York with offices located at 230 Park Avenue, New York, NY 10169. Comerica Bank is engaged in the banking industry.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Defendant is the trustee of six (6) Voluntary Employer Benefit Association ("VEBA") trusts sponsored by SeaNine Associates, Inc. There are 236 participating members in the six (6) VEBA trusts.

6. In accordance with the trusts, defendant was obligated to maintain and manage the accounting for each of the 236 trust members.

7. In an effort to assist defendant in the discharging its bookkeeping, accounting, and administration services for the 236 members, plaintiff entered into an agreement with defendant's trust officer Francine Ohta to perform these services for Comerica Bank.

8. It was agreed further that plaintiffs were to be paid by defendant $1,200.00 per annum, per member.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

9. Plaintiffs repeat and reallege each and every the allegation set forth in paragraphs 1 through 7 as if more fully set forth herein.

10. Plaintiffs performed bookkeeping, accounting, and administration services for the 236 members for years 2007 through 2013.

11. Despite due demand therefor, defendant failed and refused to pay plaintiffs an amount in excess of $1,700,000.00 for plaintiffs' services.

### SECOND CAUSE OF ACTION – ACCOUNT STATED

12. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 10 as if more fully set forth herein.

13. In or about July 2014, plaintiffs presented to defendants an account in the amount of $1,700,000.00 for services provided.

14. Defendants failed to raise a timely objection to the amount due.

15. By reason of the above, defendant is obligated to pay plaintiffs an amount in excess of $1,700,000.00.

### THIRD CAUSE OF ACTION – QUANTUM MERUIT

16. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 14 as if more fully set forth herein.

17. Plaintiffs performed in good faith services for defendant valued at $1,700,000.00.

18. Defendant is liable to plaintiffs in quantum meruit in an amount believed to exceed

$1,700,000.00.

WHEREFORE, plaintiffs demands judgment against defendant in an amount yet undetermined but believed to exceed $1,700,000.00, plus interest, costs and disbursements, together with any other relief the Court finds to be just and equitable.

Date:  December 10, 2014
       Great Neck, New York

Bernard Ouziel, Esq.
Attorney for Plaintiffs
13 Schoolhouse Lane
Great Neck, NY 11020

## Attorney Verification

Bernard Ouziel, Esq. an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalty of perjury as follows: that he is attorney for plaintiff in the above entitled action; that he has read the foregoing complaint and knows the contents thereof; the same is true to Deponent's own knowledge except for matters herein stated to be alleged on information and belief, and as to those matters Deponent believes them to be true based upon correspondence and/or other writings and information furnished; and that the reason why this verification is not made by plaintiff is because plaintiff is not in the county where the Deponent maintains an office.

Dated: December 10, 2014

Bernard Ouziel, Esq.
Attorney for Plaintiffs
13 Schoolhouse Lane
Great Neck, NY 11020
(516)466-0082

Aldine ™ Enviro-Tab ™   Mixed Sources Cert no. SW-COC-1942

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------- x

RAMESH SARVA individually and on behalf of
RAMESH SARVA CPA, P.C.,

   Plaintiffs,

 -against-

COMERICA BANK,

   Defendant.
-------------------------------------------------------------------- x

Index No. 17765/2014

**NOTICE TO COURT AND
PLAINTIFFS OF FILING
OF NOTICE OF REMOVAL
TO FEDERAL COURT**

  PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Eastern District of New York on January 16, 2015.

  A copy of the Notice of Removal is attached to this Notice as **Exhibit 1** and is served and filed herewith. This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Dated: New York, New York
   January 15, 2015

               PRYOR CASHMAN LLP

               By: _____
                 Conrad K. Chiu
                 Bryan T. Mohler
               7 Times Square
               New York, New York 10036
               (212) 421-4100
               *Attorneys for defendant Comerica Bank*

TO: Bernard Ouziel, Esq.
   13 Schoolhouse Lane
   Great Neck, New York 11020
   (516) 466-0082
   *Attorneys for Plaintiffs*