**PRYOR CASHMAN LLP**                                   New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

Bryan T. Mohler
Attorney at Law

Direct Tel: 212-326-0466
Direct Fax: 212-798-6309
bmohler@pryorcashman.com

February 2, 2015

**BY ELECTRONIC FILING**

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
Daniel Patrick Moynihan United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Ramesh Sarva, et al., Plaintiff v. Comerica Bank, Defendant
             Case No. 1:15-CV-00219 FB RER

Dear Judge Reyes:

    This firm is counsel to defendant Comerica Bank ("Comerica") in the above-reference action. Pursuant to Rule III(B) of Your Honor's Individual Practice Rules, we respectfully submit this letter requesting a pre-motion conference.

    All of the parties to this action – plaintiffs Ramesh Sarva, Ramesh Sarva CPA P.C., and defendant Comerica – are also parties to an action pending in the United States District Court for the Central District of California (the "California Action"). The California Action, which was filed in February 2014, relates to the administration of the same employee welfare benefit plans for which plaintiffs allegedly provided the accounting services at issue in this case. Moreover, Judge Josephine Staton, to whom the California Action is assigned, is presiding over two related cases also arising out of and/or pertaining to the same plans. Comerica believes that the transfer of this case to the Central District of California under 28 U.S.C. § 1404 will serve the interests of convenience and judicial economy, and hereby requests a pre-motion conference to discuss the merits of such a transfer.

**Factual and Legal Bases of the Proposed Motion**

    Comerica is the trustee of several trusts that serve as the funding mechanisms for six employee welfare benefit plans known as the Sea Nine VEBA plans. In October 2013, the Department of Justice ("DOJ") filed an action against the administrators of those plans, Kenneth Elliott and Sea Nine

**PRYOR CASHMAN LLP**

Magistrate Judge Ramon E. Reyes, Jr
February 2, 2015
Page 2

Associates, alleging that the Sea Nine VEBA plans were illegal tax shelters.[1] The DOJ action sought to enjoin Mr. Elliott and Sea Nine Associates from any further involvement with the Sea Nine VEBA plans. Three months later, on February 7, 2014, Comerica filed an action against Sea Nine Associates and each of the Sea Nine VEBA plans (the California Action referenced above).[2] In the California Action, Comerica sought instructions from the court and declaratory relief regarding a number of issues affecting the ongoing administration of the Sea Nine VEBA plans and their associated trusts. The California Action was assigned to Judge Josephine Staton, to whom the DOJ's action had also been assigned.[3] On November 18, 2014, Judge Staton appointed a new plan administrator for all six of the Sea Nine VEBA plans, and the court is now overseeing the new administrator's ongoing management and operation of those plans.

Plaintiff Ramesh Sarva has been actively involved in the California Action; indeed, he filed a motion to intervene in that proceeding and voluntarily subjected himself to the court's jurisdiction. Judge Staton granted Mr. Sarva's motion to intervene on August 13, 2014 and he has been a party to that case ever since. In the complaint now pending in this Court, which was filed four months after he intervened in the California Action, Mr. Sarva seeks approximately $1.7 million for bookkeeping, accounting, and administrative services he allegedly provided to the Sea Nine VEBA plans. Mr. Sarva has repeatedly asserted his right to those exact same fees in the California Action, and is actively litigating his entitlement to those fees with the new plan administrator. In fact, those fees were the subject of a brief filed by Mr. Sarva in the California Action less than six weeks ago. There is no question that Mr. Sarva was amenable to personal jurisdiction in the Central District of California at the time the complaint in this case was filed, and that the instant action could (and should) have been brought there.

Under 28 U.S.C. § 1404, a district court may transfer venue to another district for the convenience of the parties and/or the interests of justice. Courts have consistently found that a pre-existing related action in another district weighs heavily in favor of a transfer to promote judicial economy. *See, Brown v. New York*, 947 F. Supp. 2d 317, 325-326 (E.D.N.Y. 2013), citing *Williams v. City of New York*, 2006 U.S. Dist. LEXIS 6470, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006); *see also, Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010). "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Brown v. New York*, 947 F. Supp. 2d at 326, quoting *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *see also, Williams v. City of New York, supra*, at *9 ("Therefore, courts consistently recognize that the existence of a related action

---

[1] *United States v. Kenneth Elliott, et al.*, United States District Court, Central District of California, Case No. SACV-13-01582 JLS (JPRx).
[2] *Comerica Bank v. Sea Nine Associates, Inc., et al.*, United States District Court, Central District of California, Case No. SACV 14-00186 JLS (JPRx).
[3] On July 9, 2014, a third case relating to the Sea Nine VEBA plans was filed in the Central District of California and assigned to Judge Staton. That case, *Ulti-Mate Connectors, Inc. v. American General Insurance Co., et al.*, Case No. SACV 14-01051 JLS (JPRx), is a class action brought on behalf of several participating employers in the Sea Nine VEBA plans.

# PRYOR CASHMAN LLP

Magistrate Judge Ramon E. Reyes, Jr
February 2, 2015
Page 3

in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative.")

Comerica recently brought the foregoing facts and analysis to Mr. Sarva's attention, and sought a stipulation from Mr. Sarva to transfer this case to the Central District of California for consolidation with the multiple Sea Nine VEBA actions already pending before Judge Staton. Mr. Sarva would not agree to the transfer, and Comerica thus intends to seek the transfer by noticed motion.

On the basis of the foregoing, Comerica proposes that the Court and the parties conduct a pre-motion conference on February 10, 2015 which is the date currently scheduled for the initial case management conference in this action.

Respectfully submitted,

Bryan T. Mohler

cc:   Bernard Ouziel, Esq. (*by ECF*)