

**BuchalterNemer**
A Professional Law Corporation

55 SECOND STREET, SUITE 1700, SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File No.: C5732-0019
Direct Dial Number: (415) 227-3655
Email Address: pbales@buchalter.com

July 24, 2015

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Ramesh Sarva, *et al.* v. Comerica Bank Case No. 1:15-CV-00219 FB RER**

In their pending Complaint, Plaintiffs Ramesh Sarva and Ramesh Sarva CPA, P.C. (collectively "Sarva") allege that Comerica Bank ("Comerica") owes them $1.7 million dollars pursuant to a vaguely described oral "agreement." In April 2015, Comerica served written discovery to obtain information directly relevant to Sarva's claims. Prior to filing this motion to compel, Comerica exhausted its meet and confer efforts, but Sarva refused to provide critical information, despite assurances that supplemental responses would be provided.

**Factual Background:**  Comerica is the directed trustee of six trusts that serve as the funding mechanisms for the Sea Nine Associates, Inc. ("Sea Nine") VEBA plans. Under the terms of the operative trust agreements, Comerica's primary responsibility as directed trustee is to administer the trusts in accordance with the directives of the plan administrator. Sea Nine was the plan administrator until November 2014, when it was replaced by a court-appointed plan administrator.

Sarva alleges that in 2010 he entered into an oral "agreement" with Comerica to assist with "discharging Comerica's bookkeeping, accounting, and administrative services for the 236 members" of the VEBAs. Comerica denies there is any agreement, written or oral, between Comerica and Sarva relating to the subject matter of Plaintiffs' Complaint. Invoices show that Sarva was providing services to *Sea Nine*, that he billed *Sea Nine* for those services, and was being paid by *Sea Nine* for those services. The only invoices that Comerica ever received (for services allegedly provided from 2010 to 2013) are dated July 30, 2014 from a company (PSRS Consulting, LLC) that is not even a party to this lawsuit.

**Comerica Met and Conferred with Sarva Prior to Filing This Motion:**

On April 30, 2015, Comerica served its First Sets of Requests for Admission, Document Requests, and Interrogatories on Sarva. After requesting an extension of time, Sarva served incomplete and inadequate initial responses on June 10, 2015. (**Exhibits 1, 2**)[1] On June 17, 2015, Comerica sent a meet and confer letter to Sarva outlining the responses that were defective, evasive, and failed to comply with the requirements of the Federal Rules of Civil Procedure. (**Exhibit 3**, June 17, 2015 Letter.) On June 23, the parties' counsel participated in a telephone conference to discuss the discovery issues and reached agreements as to what discovery would be

---

[1] Comerica served identical Interrogatories, Document Requests, and Requests for Admission on each of the Plaintiffs (Plaintiffs Ramesh Sarva and Ramesh Sarva CPA, P.C.). Plaintiffs responded to in the same manner. Therefore, Comerica will only include the responses for Ramesh Sarva CPA, P.C. with this Motion.

BuchalterNemer

Magistrate Judge Ramon E. Reyes, Jr.
July 24, 2015
Page 2

amended. (**Exhibit 4**, p.4 – June 23, 2015 email exchange where Sarva's counsel agreed to
"**provide complete and responsive information**" and try his best to get the amended discovery
served by July 1, 2015.)

Sarva did not provide amended responses until July 10 and the responses failed, despite
counsel's promises, to provide complete information to the discovery at issue. (**Exhibits 5**
(Supplemental Interrogatory Responses) **and 6** (Supplemental Responses to Document Requests).)
On July 10, Comerica's counsel sent another meet and confer email in an effort to resolve the
issues short of a motion.  In response, Sarva's counsel directed Comerica's counsel to "[b]ring
whatever motions you deem necessary." (**Exhibit 4**, p. 2 – July 10, 2015 email exchange.)  On
July 14, following the Status Conference, Comerica's counsel sent another email to Sarva's
counsel regarding the discovery, but Sarva refused to provide amended responses. (**Exhibit 4**, p. 1
– July 14, 2015 email exchange.)

### Sarva Refuses to Respond to Relevant Interrogatories and Document Requests

Comerica's Interrogatory No. 13 asked Sarva "[f]or all 'bookkeeping, accounting, and
administrative services' alleged in the COMPLAINT, identify the date(s) the services were
provided, the hour(s) spent on those services, and the specific services provided."  Sarva's
response provided a generic description of purported "services" provided "on a daily basis", but he
refused to identify any dates or the hours spent on those services. (*See* Exhibit 5, Response to No.
13).  The Court should order Sarva to provide a full and complete response without objection.  The
Court should also order Sarva to search for and produce all documents responsive to Document
Request No. 27 seeking all documents that establish the dates and hours for any services that Sarva
provides to the VEBAs and/or Comerica.

Interrogatory No. 15 asked Sarva to "[i]dentify all payments [Sarva] requested and/or
received from any PERSONS for [Sarva's] services RELATED TO the VEBAs."  In response to
No. 15, Plaintiffs claim that they have requested payments from a "substantial amount of
members", but fail to identify those members, the payments requested, and the payments received.
(*See* Exhibit 5).  More importantly, Plaintiffs leave out payments that were requested and/or
received from Sea Nine and its principal, Kenneth Elliott.  These interrogatories are directly
relevant to the claims at issue.  If Sarva had an agreement with, performed services for, or was paid
by another person or entity for the services at issue in this case, then Comerica is entitled to
discover such information to show, among other things, that Comerica is not the party responsible
for any purported services that Sarva provided as alleged in his Complaint.

The Court should also order Plaintiffs to search for and produce all documents responsive
to Document Request No. 24 seeking "[a]ll documents related to any payments that [Sarva]
received from any persons for services [Sarva] provided to the VEBAs" and Document Request
No. 26 seeking documents related to payments Sarva received from any employers participating in
the VEBAs.

Interrogatories Nos. 18, 19, 20, and 21 ask Sarva to "[d]escribe all services [Sarva]
performed for [Sea Nine Associates, Inc., Kenneth Elliott, and any employers participating in the
VEBAs] RELATED TO the VEBAs including, but not limited to, the date(s) the services were
provided, the hour(s) spent on those services, the person(s) providing those services, and the
specific services provided."  Despite counsel's promise that amended responses would be

BuchalterNemer
Magistrate Judge Ramon E. Reyes, Jr.
July 24, 2015
Page 3

provided, Sarva responded with objections only and refused to provide any substantive response whatsoever.  (*See* Exhibit 5).  Similar to Interrogatory No. 15, these interrogatories are directly relevant to the claims at issue and therefore discoverable.

For these same reasons, Sarva has no basis to refuse to produce document responsive to Document Requests Nos. 19[2] through 22 that seek documents that establish any written or oral agreements between Sarva and any of the following:  Sea Nine Associates, Inc., Kenneth Elliott, Guarang Parikh, and any employers participating in the VEBAs.

As for Interrogatory No. 21, the hourly rates that Sarva charged for his accounting services is directly relevant to his claim that he provided services valued at $1.7 million and Sarva cannot refuse to respond.

Sarva's response to Interrogatory No. 22, which asked for the facts and documents that support Sarva's denials in the Requests for Admission, is likewise non-responsive.  Sarva denied all fourteen (14) Requests For Admission.  Certainly, Sarva has to have some information, documents, and/or witnesses to provide verified denials.  Comerica is entitled to discover such information at this stage in the litigation.  If Sarva is not aware of any facts to support his denials, he must respond as such.

**Conclusion:**  For the reasons stated herein, the Court should order both Plaintiffs to serve full and complete responses, without objections, and produce all responsive documents to the following discovery:  Interrogatories Nos. 13, 15, and 18-22 and Document Requests Nos. 19-22, 24, 26, and 27.  Sanctions are warranted here under F.R.C.P. 37(a) because the Court warned Plaintiffs that a failure to comply with their discovery obligations would result in sanctions and Plaintiffs failed to abide by their agreement to serve supplemental responses to the discovery.  Therefore, Comerica requests that the Court further order that Plaintiffs and/or their counsel to pay Comerica's expenses incurred in making this motion, which total $1,500 in attorneys' fees.

Respectfully submitted,

BUCHALTER NEMER
A Professional Corporation


By_____/s/ Peter H. Bales_____
        Peter H. Bales

---

[2] Plaintiffs' response to Request No. 19 refuses to produce the very documents requested:  documents establishing any written or oral agreement between Plaintiffs and Sea Nine related to the VEBAs.

# EXHIBIT 1

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RAMESH SARVA, individually | ) | |
| and on behalf of RAMESH SARVA | ) | |
| CPA, P.C. | ) | |
| Plaintiffs, | ) | Case No. 15-CV-0219-FLB |
| | ) | PLAINTIFF RAMESH SARVA CPA, P.C.'s RESPONSE |
| | ) | TO DEFENDANT'S FIRST SET OF |
| | ) | INTERROGATORIES |
| v. | ) | |
| | ) | |
| COMERICA BANK | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure §33, Plaintiff

Ramesh Sarva, CPA P.C. hereby responds to Defendant Comerica Bank's First Set of Interrogatories.

**GENERAL RESPONSES AND OBJECTIONS**

Each of the Responding Plaintiffs' responses, in addition to any specifically stated objections, is

subject to and incorporates the following general responses and objections. The assertion of the same,

similar, or additional objections, or a partial response to any individual request does not waive any of

the plaintiffs' general responses and objections.

1.      The following responses reflect the current state of the plaintiffs' knowledge,

understanding and belief respecting matters about which inquiry has been made. The plaintiffs

expressly reserve their right to supplement or modify these responses with such pertinent information

as they may hereafter discover or as may be informed by the opinions of experts retained by the parties

to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. The plaintiffs expressly reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2.      The plaintiffs object to any interrogatory that seeks information constituting or containing information concerning communications between the plaintiffs and their counsel, which are protected by the attorney-client privilege.

3.      The plaintiffs object to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4.      The inadvertent provision of information or the production by the plaintiffs of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the plaintiffs upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5.      The plaintiffs object to any interrogatory to the extent that it purports to impose upon them any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

6.      The plaintiffs object to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

7.      The plaintiffs object to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.      The plaintiffs object to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the plaintiffs can identify and provide requested information.

9.      None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendants' First Set of Interrogatories. The plaintiffs' written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10.     The plaintiffs object to any interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), the plaintiffs object to any such interrogatory on the grounds that it is premature in light of the present early stage of discovery.  The plaintiffs expect to receive documents through discovery that will concern and provide information responsive to such interrogatories. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with such interrogatories would require the plaintiffs to continually supplement their responses each time they receive an additional document or information concerning the subject contention on which the interrogatory seeks

information.   Doing so would cause the plaintiffs to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. *See, e.g, Nestle Foods Corporation, v. Aetna Casualty and Surety Company,* 135 F.R.D. 101, 110-111 ( D.N.J. 1990); *Conopco, Inc. v. Warner-Lambert Co.,* 2000 WL 342872, * 4 (D.N.J. 2000); *B. Braun Medical Inc., v. Abbot Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).   Accordingly, in response to any such contention interrogatory, the plaintiffs will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserve the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

11.    The plaintiffs object to any interrogatory that seeks information that is already in the defendants' possession.

12.    The plaintiffs state that the answer to many of the defendants' interrogatories may, in substantial part, be derived or ascertained from the plaintiffs' records as well as documents produced by the defendants in discovery.   Pursuant to Fed. R. Civ. P. 33(d), as the burden of deriving or ascertaining the answer to such interrogatories from such records and documents is substantially the same for the defendants, the plaintiffs will respond to such interrogatories by identifying the documents and records from which the answer may be ascertained.   Responsive documents and records in the plaintiffs' possession are identified by bates number, and responsive documents and records produced by the defendants are identified by bates number and/or category description to the extent possible.   To the extent that the defendants do not have in their possession such documents bearing identified bates numbers, the plaintiffs will make such bates-numbered documents available for the defendants' inspection and copying at a mutually convenient time and place.

13.    Unless otherwise indicated, the plaintiffs will not provide information encompassed by their general responses and objections or by their specific objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 1

State all facts on which YOU base YOUR contention that COMERICA entered into an agreement with YOU to assist with "discharging [COMERICA's] bookkeeping, accounting, and administrative services for the 236 members" of the VEBAs as alleged in the COMPLAINT at paragraph 7.

### Response

Subject to and without waiving the General Responses and Objections set forth above, the Responding Plaintiff answers this interrogatory as follows: Prior to the agreement between Comerica and Ramesh Sarva, the bookkeeping, accounting, and administration services were deemed by Comerica Bank to be inconvenient and required a person with Sarva's knowledge, skills, and abilities to rectify the situation.  As a result, in November 2010, a meeting was held at Comerica Bank's Palo Alto office whereby Ramesh Sarva (plaintiff), Guarang Parikh (insurance broker), Kenneth Elliott (VEBA Trust Administrator), Robert Gajewsky (Sr. Vice President, Comerica Bank), and Francine Ohta (Sr. Vice President/Trust Officer, Comerica Bank) were in attendance.  At this meeting, plaintiff was hired to discharge the VEBA Trustee's (Comerica Bank's) bookkeeping, accounting, and administration services for the 236 members.  For services rendered, plaintiff was to be compensated $1,200 per year, per member.  To support his efforts, Comerica Bank gave plaintiff log-in and password information so that plaintiff could remotely access Comerica Bank's internal accounts related to the six (6) trust accounts administered by the bank.

Discovery is required to further respond to this interrogatory.

Plaintiffs' counsel directs defendant to refer to plaintiffs' Rule 26 Disclosure dated April 17, 2015 for contact information for those individuals listed above in Response to Interrogatory No. 1.

**Interrogatory No. 2**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addresee(s), cc's, and length, all DOCUMENTS which support YOUR response to Interrogatory No. 1.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 3**

For the meeting that YOU attended with COMERICA where YOU allege an oral agreement was formed, identify the date of the meeting and all statements made by any PERSON at that meeting concerning the terms of any agreement between YOU and COMERICA.

**Response**

Record of meeting on or about, November 17, 2010, held at Comerica Bank's Palo Alto office. Participants included Ramesh Sarva (plaintiff), Guarang Parikh (insurance broker), Kenneth Elliott (VEBA Trust Administrator), Robert Gajewsky (Sr. Vice President, Comerica Bank), and Francine Ohta (Sr. Vice President/Trust Officer, Comerica Bank).

It was agreed at a meeting held on or about November 17, 2010 at Comerica Bank's Palo Alto Trust Office that because the bank was not accustomed to or equipped to handle trust accounting for the individual, participating trust members, Ramesh Sarva would be retained to provide those services.  It was further agreed that Ramesh Sarva would be paid $1,200 per annum, per member; Comerica would receive a like amount; and Kenneth Elliott would receive $600 per annum, per member.  The total of $3,000.00 per annum, per member was to be paid from member contributions to defendant for further

distribution as set forth above.

Plaintiffs' counsel directs defendant to refer to plaintiffs' Rule 26 Disclosure dated April 17, 2015 for contact information for those individuals listed above in Response to Interrogatory No. 3.

**Interrogatory No. 4**

Identify all non-privileged COMMUNICATIONS between YOU and any PERSONS concerning the "agreement" alleged in the COMPLAINT including, but not limited to, the identity of the PERSONS involved, the statements made during such COMMUNICATIONS, along with the date, time, and form of COMMUNICATIONS.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory Nos. 1 and 3.

**Interrogatory No. 5**

Identify all COMMUNICATIONS between YOU and COMERICA concerning the "agreement" alleged in the COMPLAINT including, but not limited to, the identity of the PERSONS involved, the statements made during such COMMUNICATIONS, along with the date, time, and form of COMMUNICATIONS.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory Nos. 1 and 3.

**Interrogatory No. 6**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR responses to Interrogatories Nos. 3, 4 and/or 5.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 7**

State all facts on which YOU base YOUR contention that COMERICA agreed that YOU "were to be paid $1,200.00 per annum, per member" as alleged in the COMPLAINT at paragraph 8.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory Nos. 1 and 3.

**Interrogatory No. 8**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to Interrogatory No. 7.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 9**

State all facts on which YOU base YOUR contention that you "performed bookkeeping, accounting, and administrative services for the 236 members for years 2007 through 2013" as alleged in the COMPLAINT at paragraph 10.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory Nos. 1 and 3.

Furthermore, to begin the services for which Comerica hired plaintiff to perform, plaintiffs created individual VEBA member accounts in QuickBooks.

On a daily basis, plaintiff:

- monitored VEBA members' contributions to Comerica Bank;

- posted each deposit to the individual members account when a contribution is received;

- sent acknowledgments to contributing members stating that Comerica Bank has received their contribution check;

- informed the insurer (e.g. AIG, MetLife, Prudential, etc.) that members' contribution funds were received by the Trustee (Comerica Bank) and said funds were available to pay correlating members' annual insurance premiums;

- informed the Trustee (Comerica Bank) that upon its receipt of insurer's invoice for annual premiums, Trustee must disperse funds to pay for members' annual insurance premiums;

On a monthly basis, plaintiff:

- performed bank reconciliations for each VEBA Trust;

- posted to the general ledger of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared cash flow statements of each VEBA Trust;

On an annual basis, plaintiff:

- reviewed general ledgers of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared Form 990 (Return of Organization Exempt from Income Tax) for each VEBA

Trust;

- submitted Form 990 to Internal Revenue Services and obtained confirmation;

- submitted copies of Form 990 to VEBA Trust Administrator;

- submitted copies of Form 990 to VEBA Trustee (Comerica Bank).

**Interrogatory No. 10**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 9.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 11**

State all facts on which YOU base YOUR contention that YOU "performed in good faith services for [COMERICA] valued at $1,700,000.00" as alleged in the COMPLAINT at paragraph 17.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory No. 9.

**Interrogatory No. 12**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 11.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 13**

For all "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT, identify the date(s) the services were provided, the hour(s) spent on those services, and the specific services provided.

**Response**

Objection, overbroad and unduly burdensome.  Notwithstanding said objection, Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory No. 9.

**Interrogatory No. 14**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 13.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 15**

Identify all payments YOU requested and/or received from any PERSONS for YOUR services RELATED TO the VEBAs.

**Response**

Plaintiff requested payments from Comerica Bank on July 30, 2014.  Further discovery is required to more completely respond to this interrogatory.

**Interrogatory No. 16**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 15.

**Response**

Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Interrogatory No. 17**

Describe the terms of any oral and/or written agreements between YOU and any PERSONS RELATED TO any services that YOU provided for the VEBAs and/or members of the VEBAs.

**Response**

Object ambiguous, burdensome, and not reasonably calculated to lead to any admissible evidence.

**Interrogatory No. 18**

Describe all services YOU performed for Sea Nine Associates, Inc. RELATED TO the VEBAs including, but not limited to, the date(s) the services were provided, the hour(s) spent on those services, the person(s) providing those services, and the specific services provided.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory No. 17.

**Interrogatory No. 19**

Describe all services YOU performed for Kenneth Elliot RELATED TO the VEBAs including, but not limited to, the date(s) the services were provided, the hour(s) spent on those services, the person(s) providing those services, and the specific services provided.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory No. 17.

**Interrogatory No. 20**

Describe all services YOU performed for any employers participating in the VEBAs RELATED TO the VEBAs, including, but not limited to, the date(s) the services were provided, the person(s) providing those services, the hour(s) spent on those services, and the specific services provided.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory No. 17.

**Interrogatory No. 21**

Identify all hourly rates YOU charged any PERSONS for YOUR accounting services at any time from 2010 to the present.

**Response**

The agreement between Comerica Bank and Ramesh Sarva for plaintiffs fees did not contemplate payment on an hourly basis.

**Interrogatory No. 22**

For each response to COMERICA's First Set of Requests for Admissions that is not an unqualified admission state the number of the request and identify all facts and documents upon which

YOU base YOUR response.

**Response**

Plaintiffs' counsel directs defendant to plaintiffs' Response to Interrogatory Nos. 1 – 22 for each of the following responses to Comerica's Requests for Admission: 1 – 12; and 14.  Plaintiff directs Defendant to all documents produced on the annexed disc in folders "R1 Bates" to "R35 Bates" as well as to plaintiffs' Rule 26 Disclosure dated April 17, 2015.

Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

Dated: June 9, 2015

/s/ Bernard Ouziel, Esq.

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

## VERIFICATION

As President of Ramesh Sarva CPA, P.C., I, Ramesh Sarva, have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the penalties of perjury this 9 day of June, 2015.

Ramesh Sarva
President of Ramesh Sarva
CPA, P.C.

Sworn to me this
9th Day of June 2015

Jason R. Harrington
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02HA6268573
Qualified in New York County
Commission Expires Oct. 22, 2016

EXHIBIT 2

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RAMESH SARVA, individually | ) | |
| and on behalf of RAMESH SARVA | ) | |
| CPA, P.C. | ) | |
| Plaintiffs, | ) | Case No. 15-CV-0219-FLB |
| | ) | PLAINTIFF RAMESH SARVA CPA P.C.'s RESPONSE |
| | ) | TO DEFENDANT'S FIRST SET OF |
| | ) | REQUEST FOR PRODUCTION OF DOCUMENTS |
| v. | ) | |
| | ) | |
| COMERICA BANK | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure §34 and Eastern

District of New York Local Rule 26, Plaintiff Ramesh Sarva CPA, P.C. hereby responds to Defendant

Comerica Bank's First Set of Requests for Production of as follows:

<u>**GENERAL OBJECTIONS**</u>

1.      Plaintiff objects to Defendant's request for production of documents to the extent that the

requests are overly broad and unduly burdensome, and to the extent that Defendant seeks documents

protected from disclosure by the attorney-client privilege, attorney work product doctrine, deliberative

process privilege, law enforcement / investigatory files privilege, and other applicable privileges.

2.      Plaintiff objects to Defendant's request for production of documents to the extent that

Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore

irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3.     This response is made without waiver of, and with express reservation of all questions as to competency, relevancy, materiality, and admissibility of the responses to document requests as evidence for any purpose in any further proceedings in this action (including the trial of this action) or in any other action.

4.     Likewise, Plaintiff's objections to Defendant's request for production of documents are based upon the information presently known by the Plaintiff, and are made without prejudice to the Plaintiff's right to assert additional objections in the event that additional grounds for objections should be discovered by the Plaintiff subsequent to this response. Without waiving the above objections, Plaintiff will provide responses to relevant, non-privileged matters based on information currently available to it, subject only to the requirements for supplementation of responses contained in Fed. R. Civ. P. 26(e).

5.     Plaintiff objects to the requests to the extent they attempt to impose obligations that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure or other applicable law.

6.     Plaintiff objects to the requests to the extent they seek documents or information in the possession, custody, or control of entities or persons other than Plaintiff.

7.     Plaintiff objects to the requests to the extent they seek documents or information that no longer exists or has otherwise been lost, misplaced, or destroyed.

8.     Plaintiff objects to the requests as unduly burdensome to the extent that they seek documents previously produced to the Defendant and its attorneys and/or are publicly available on the Internet.  Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for the Defendant as for the Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff provides the following responses:

## SPECIFIC OBJECTIONS AND RESPONSES

Corresponding hard-copies of the following productions of documents shall accompany the disc.

**Request No. 1:**

All DOCUMENTS identified in YOUR Rule 26 Disclosures, date April 17, 2015, including, but not limited to, the "general ledgers, accounting records, bookkeeping records, tax filings for each of the six VEBA trusts for years 2007-20012" [sic] and "invoices for work performed and completed."

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc in folder "R1 Bates":

- General Ledgers for each of the VEBA Trusts: P00001 – P00991
- Tax Filings for each of the VEBA Trusts: P00992 – P01451
- Accounting/Bookkeeping Records: P01452 – P01831

If a password is required to open a document, said password is "MB300-1983".

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 2:**

All COMMUNICATIONS between YOU and the PERONS identified in YOUR Rule 26 Disclosures, dated April 17, 2015, that RELATE TO the subject matters identified in the Rule 26 Disclosures for those PERSONS.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

- P01832 – P01858

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 3:**

All DOCUMENTS that support YOUR alleged damages in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the following bates numbered documents already produced on the annexed disc in folder "R2 Bates":

- P01849 – P01858

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 4:**

All DOCUMENTS identified in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Response to Request for Production of Document No. 1 herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 5:**

All DOCUMENTS identified in YOUR responses to COMERICA's First Set of Interrogatories.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 6:**

All DOCUMENTS which YOU contend establish that COMERICA entered into any agreement with YOU to assist with "discharging [COMERICA's] bookkeeping, accounting, and administrative services for the 236 members" of the VEBAs as alleged in the COMPLAINT at paragraph 7.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 7:**

All DOCUMENTS which YOU contend establish that COMERICA agreed that YOU were to be paid "$1,200.00 per annum, per member" as alleged in the COMPLAINT at paragraph 8.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 8:**

All DOCUMENTS which YOU contend establish that YOU "performed bookkeeping, accounting, and administrative services for the 236 members for years 2007 through 2013" as alleged in the COMPLAINT at paragraph 10.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel

directs Defendant to the Responses to Requests for Production of Documents as responded to herein. Furthermore,  Plaintiff's counsel directs Defendant to the documents produced on the annexed disc in folder "R8 Bates."

If a password is required to open a document, said password is "MB300-1983".

Please note, the documents produced in response to this Request were not Bate Stamped due to technical issues.  Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 9:**

All DOCUMENTS which YOU contend establish that YOU "performed in good faith services for [COMERICA] valued at $1,700,000.00" as alleged in the COMPLAINT at paragraph 17.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 10:**

All COMMUNICATIONS between YOU and COMERICA RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above; and specifically objects to this Request as overbroad and vague. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

**Request No. 11:**

All DOCUMENTS RELATED TO any handwritten or typed notes that YOU made during or immediately following any COMMUNICATIONS between YOU and COMERICA RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 12:**

All COMMUNICATIONS between YOU and COMERICA RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 13:**

All COMMUNICATIONS between YOU and Sea Nine Associates, Inc. RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 14:**

All COMMUNICATIONS between YOU and Kenneth Elliot RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 15:**

All COMMUNICATIONS between YOU and Guarang Parikh RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 16:**

All non-privileged COMMUNICATIONS between YOU and any PERSONS, including employers participating in the VEBAs, RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 17:**

All DOCUMENTS that establish any written or oral agreements between YOU and COMERICA RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 18:**

All DOCUMENTS that establish any written or oral agreements between YOU and COMERICA RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 19:**

All DOCUMENTS that establish any written or oral agreements between YOU and Sea Nine Associates, Inc. RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 20:**

All DOCUMENTS that establish any written or oral agreements between YOU and Kenneth Elliot RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably

calculated to lead to relevant information.

**Request No. 21:**

All DOCUMENTS that establish any written or oral agreements between YOU and Guarang Parikh RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above.  Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 22:**

All non-privileged DOCUMENTS that establish any written or oral agreements between YOU and any employers participating in the VEBAs, RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above.  Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 23:**

All DOCUMENTS RELATED TO any bills or invoices that YOU sent to any PERSONS for services YOU provided RELATED TO the VEBAs.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 24:**

All DOCUMENTS RELATED TO any payments that YOU received from any PERSONS for

services YOU provided to the VEBAs.

**Response**

      Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

      Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 25:**

      All DOCUMENTS RELATED TO any payments that YOU requested from any employers participating in the VEBAs for YOUR services.

**Response**

      Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

      Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 26:**

      All DOCUMENTS RELATED TO any payments that YOU received from any employers participating in the VEBAs for YOUR services.

**Response**

      Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

      Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 27:**

      All DOCUMENTS that establish the date(s) and hour(s) for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 28:**

All DOCUMENTS RELATED TO any accounting records for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 29:**

All DOCUMENTS that IDENTIFY alleged money owed by COMERICA as accounts receivable and/or an asset on YOUR balance sheet.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 30:**

All DOCUMENTS RELATED TO any billing records for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 31:**

All DOCUMENTS RELATED TO any invoices for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 32:**

All DOCUMENTS that establish any payments YOU made to any PERSONS working on YOUR behalf for services those PERSONS provided to the VEBAs and/or COMERICA.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 33:**

All DOCUMENTS that IDENTIFY the PERSONS who worked on YOUR behalf in providing the services alleged in the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel

directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 34:**

All DOCUMENTS RELATED TO any collection effort YOU made for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA prior to filing the COMPLAINT.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 35:**

All DOCUMENTS RELATED TO any accounting licenses YOU held at any time in any state from 2007 to the present.

**Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the following bates numbered documents already produced on the annexed disc in folder "R35 Bates":

- P01864

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

Dated: June 9, 2015

/s/ Bernard Ouziel, Esq.
Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

# EXHIBIT 3



55 SECOND STREET, SUITE 1700 SAN FRANCISCO, CALIFORNIA 94105-349
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File No.: C5732.0019
Direct Dial Number: (415) 227-3655
E-Mail Address: *vbales@buchalter.com*

June 17, 2015

**VIA EMAIL (JASON.R.HARRINGTON@GMAIL.COM)**

Jason Robert Harrington
Harrington & Gokhale, PLLC
244 Fifth Avenue, Suite J207
New York, NY  10001

> Re:  **_Ramesh Sarva, et al. v. Comerica Bank_**
> **USDC Eastern District of New York – Case No. CV-15-0219 FLB**

Dear Jason:

We are in receipt of Plaintiffs', Ramesh Sarva and Ramesh Sarva CPA, P.C. (collectively "Sarva's"), responses to Comerica Bank ("Comerica's") First Sets of Requests for Admission, Document Requests, and Interrogatories.  The purpose of this letter is to initiate a meet and confer pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.3 regarding a number of responses, which are defective, evasive, and fail to comply with the requirements of the Federal Rules of Civil Procedure.  Please let me know when you are available this week for a telephone call to meet and confer on these issues and determine whether any can be resolved without a discovery motion.

For a number of Sarva's responses to the Special Interrogatories, Sarva improperly incorporates other responses by reference.  (See Interrogatories Nos. 4, 5, 7, 9, 11, 13, and 22.)  Fed. R. Civ. P. 33(b)(3) requires that "each interrogatory must be answered separately and fully in writing."  Sarva also uses this same improper technique in responding to Comerica's document requests.  (See Document Requests Nos. 4-18 and 23-35.)

For Interrogatories Nos. 17, 18, 19, 20, and 21, Sarva asserts objections only but has no basis to do so.  Interrogatories Nos. 17 through 20 seek information pertaining to services Sarva provided for persons other than Comerica for the VEBA's and/or members of the VEBA's.  This information is directly relevant to the claims at issue and therefore discoverable.  (Fed. R. Civ. P. 26(b)(1).)  If Sarva had any agreement with other persons, performed services for other persons, or was compensated for such services as they related to the VEBA's, then Comerica is entitled to discover such information to show, among other things, that Comerica is not the party responsible for any purported services that Sarva provided as alleged in his Complaint.  For these same reasons, Sarva has no basis to refuse to produce document responsive to Document Requests Nos. 19 through 22.

Jason Robert Harrington
June 17, 2015
Page 2


As for Interrogatory No. 21, the hourly rates that Sarva charged for his accounting services is directly relevant to his claim that he provided services valued at $1.7 million.

Other responses are incomplete and evasive. For example, Interrogatory No. 3 expressly asks Sarva to identify all statements made by any person at the November 2010 meeting. Either Sarva must admit that he cannot recall any such statements or identify them now in discovery. Interrogatory No. 13 requests Sarva to identify the dates services were provided, the hours spent, and the specific services provided. In response, Sarva refers to his response to No. 9, which is improper for the reasons stated above and because the response to No. 9 does not contain the specific information sought in Interrogatory No. 13.

Sarva's response to Interrogatory No. 22, which asks for the facts and documents that support Sarva's denials in the accompanying Requests for Admission, is likewise non-responsive. Sarva denied all fourteen (14) Requests For Admission. Certainly, Sarva has to have some information, documents, and/or witnesses to provide verified denials. Comerica is entitled to discover such information at this stage in the litigation. If Sarva is not aware of any facts to support his denials, he needs to respond as such.

Finally, based on the responses and incorporating by reference, it is entirely unclear what documents Sarva is willing to produce and what documents he is withholding from production. I would like to confer with you regarding what documents are being withheld and determine whether a privilege log is required.

I look forward to discussing these issues and hopefully resolving them through voluntary amended responses rather than a motion to the Court. I am generally available for a telephone call the remainder of this week. Please let me know your availability.


Very truly yours,

BUCHALTER NEMER
A Professional Corporation


By

Peter H. Bales


BN 18525457v1

EXHIBIT 4

## Darwin, Richard C.

| | |
|---|---|
| **From:** | Jason Harrington <jason.r.harrington@gmail.com> |
| **Sent:** | Tuesday, July 14, 2015 2:47 PM |
| **To:** | Bales, Peter |
| **Cc:** | Darwin, Richard C.; Royce, Sharon |
| **Subject:** | Re: FW: Meet and Confer re Sarva's Discovery Responses |

Peter,

I've turned over to you everything the client has at the current moment.

As far as the non-party deposition dates go, the names of the individuals we would like to depose are: Francine Ohta, Robert Gajewski, Kenneth Elliot, and Guarang Parikh.

The first three will take place in California in mid-to-late August (15 - 25).  We will notice a place convenient to the witness - possibly your offices (if that's doable) and if that is convenient for the witness.

Guarang Parikh, here in New York around the same time.

Jason


On Tue, Jul 14, 2015 at 11:27 AM, Bales, Peter <pbales@buchalter.com> wrote:

Jason,


Given the Judge's comments this morning at the status conference in regards to Plaintiffs' refusal to provide discovery and the costs/sanctions that will be awarded in a motion to compel, please let me know if Plaintiffs' position regarding the discovery below has changed.  If it has, please confirm today that Plaintiffs will serve supplemental and revised responses that provide **complete and responsive information** to the discovery identified in my July 10 email and please confirm that such responses will be delivered before the end of this week.


Thank you,


Peter


Peter Bales | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio

**From:** Jason Harrington [mailto:jason.r.harrington@gmail.com]
**Sent:** Friday, July 10, 2015 11:15 AM


**To:** Bales, Peter
**Cc:** Darwin, Richard C.; Royce, Sharon
**Subject:** Re: FW: Meet and Confer re Sarva's Discovery Responses


Peter,


Bring whatever motions you deem necessary.


Jason


On Fri, Jul 10, 2015 at 2:02 PM, Bales, Peter <pbales@buchalter.com> wrote:

Jason,


We are in receipt of Plaintiffs' purported "supplemental" responses to Comerica's discovery.  Please let me know your availability today to discuss the fact that Plaintiffs, in contrast to the agreements reached during our meet and confer weeks ago, still refuse to respond completely to the interrogatories addressed below and refuse to agree to produce responsive documents that are directly relevant to this action.  I am in the office today and generally available.


As evidenced by our email exchange below, Plaintiffs agreed to serve supplemental and revised responses that provide "**complete and responsive information.**"  Plaintiffs failed to do so for Interrogatories Nos. 13, 15, and 18-22.  In response to No. 13, Plaintiffs fail to identify the dates, hours and specific services provided.  In response to No. 15, Plaintiffs states that they have requested payments from a "substantial amount of members", but fail to identify those members and the payments requested.  More importantly, Plaintiffs completely ignore and disregard payments that were requested from Sea Nine and/or Kenneth Elliott.  If there were any payments requested from Sea Nine and/or Kenneth Elliott they must be identified.  Finally, Plaintiffs continue, despite your representation, to provide objections only in response to Interrogatories Nos. 18 through 22.


Plaintiffs also, in contrast to your representation, continue to provide objections only and refuse to produce relevant responsive documents in response to Document Requests Nos. 13, 20, 21, 22, 24, 26, 27, 32, and 33.  Also, Plaintiffs' response to Request No. 19 refuses to produce the very documents requested:  documents establishing any written or oral agreement between Plaintiffs and Sea Nine related to the VEBAs.

As we have exhausted our meet and confer efforts on this discovery, the next step will be a motion to compel, assuming that we cannot resolve the above issues today.  Given the short period allowed for discovery and our limited availability before close of discovery, Comerica must proceed with Plaintiffs' deposition as noticed.  Because of Plaintiffs' refusal to timely provide discovery, we will not be able to conclude the examination and leave it open for further examination based on the discovery that has not been provided to date.  We will also ask the Court to order Plaintiffs to reimburse Comerica for the travel costs and attorneys' fees incurred for a second deposition.


Thank you,


Peter


Peter Bales | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio


**From:** Jason Harrington [mailto:jason.r.harrington@gmail.com]
**Sent:** Wednesday, June 24, 2015 2:39 PM

**To:** Bales, Peter
**Cc:** Darwin, Richard C.; Royce, Sharon
**Subject:** Re: FW: Meet and Confer re Sarva's Discovery Responses


Hi Peter,


I hope all is well.  Recap looks ok; but, I said that I would try my best to get amended/supplemented responses out to you by July 1, 2015.  Which is what I'll do.


Deposition dates that are good for Ramesh are July 15-17.  Please advise.


Thanks.

On Tue, Jun 23, 2015 at 3:56 PM, Bales, Peter <pbales@buchalter.com> wrote:

Jason,

This email will confirm the agreements reached during our telephonic meet and confer conference this morning.  Sarva has agreed to serve supplemental and revised responses that provide complete and responsive information to the following written discovery:

- Sarva has agreed to identify with particularity the specific documents, by bates numbers, responsive to Interrogatories Nos. 2, 6, 8, 10, 12, 14, and 16.
- Sarva has agreed to provide complete and responsive information in response to Interrogatories Nos. 3, 4, 5, 7, 9, 11, 13, 15, 18, 19, 20, 21, and 22
- Sarva has agreed to amend his responses to Document Requests Nos. 4-18, 19-22, and 23-35 and produce all responsive documents

As for the responsive documents to search for and produce, you confirmed that you received further responsive documents recently that will be produced as soon as possible.  You also confirmed that Sarva has used several email addresses during the relevant time period (i.e. @ sarva.org and @stsusa.net) all of which will be searched for responsive documents.  To date, Sarva has only produced less than 10 emails, but you explained that it was due, in part, to a server that was switched at some time that lost a lot of Sarva's emails.  You also confirmed that you will look into and provide an explanation for why a number of emails are incomplete and/or redacted without any explanation as to the basis for withholding portions of the emails.  (*See* Emails produced by Sarva bates numbered P01859, P01844, P01836, P01834, and P01832.)

As agreed, all supplemental and revised written responses and supplement documents to be produced will be produced on or before **July 1, 2015** to allow sufficient time for us to review prior to Sarva's deposition.  At this time, you believe that Sarva will be available to proceed with his deposition on July 14 and/or July 15.  Please confirm as soon as possible.

Thank you,

Peter

Peter Bales | BuchalterNemer, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio

---

**From:** Bales, Peter
**Sent:** Monday, June 22, 2015 12:36 PM
**To:** 'Jason Harrington'
**Cc:** Darwin, Richard C.; Royce, Sharon
**Subject:** RE: FW: Meet and Confer re Sarva's Discovery Responses


Jason,


Per your request, our meet and confer call will now take place tomorrow, June 23, at 10:30 a.m. (PST).  In addition to the other issues addressed in my June 17 letter, please be prepared to discuss other issues with Sarva's document production.  While I have not completed a review of the document production, it appears incomplete and defective based on the documents I have reviewed.  For example, there are a number of emails that are incomplete and/or redacted without any explanation as to the basis for withholding portions of the emails.  (*See* Emails produced by Sarva bates numbered P01859, P01844, P01836, P01834, and P01832.)


Thank you,


Peter


Peter Bales | BuchalterNemer, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio

---

**From:** Bales, Peter
**Sent:** Friday, June 19, 2015 10:59 AM
**To:** 'Jason Harrington'
**Cc:** Darwin, Richard C.; Royce, Sharon
**Subject:** RE: FW: Meet and Confer re Sarva's Discovery Responses


Yes.  I am available at 10:30 a.m. (PST) on June 22.  Please confirm.

Thank you,


Peter


Peter Bales | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio


**From:** Jason Harrington [mailto:jason.r.harrington@gmail.com]
**Sent:** Friday, June 19, 2015 10:21 AM
**To:** Bales, Peter
**Cc:** Darwin, Richard C.; Royce, Sharon
**Subject:** Re: FW: Meet and Confer re Sarva's Discovery Responses


Hi Peter,


Unfortunately not.  I'm pressed again with another, separate deadline today.  Can we set up a phone call for Monday? Early afternoon for me; mid-morning for you?


Please advise if that will work for you.


Thanks.


On Fri, Jun 19, 2015 at 1:18 PM, Bales, Peter <pbales@buchalter.com> wrote:

Jason,


Please let me know if you have time today to discuss the discovery issues raised in my letter from earlier this week.

Thank you,

Peter

Peter Bales | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio

**From:** Bales, Peter
**Sent:** Wednesday, June 17, 2015 4:27 PM
**To:** jason.r.harrington@gmail.com
**Cc:** Royce, Sharon; Darwin, Richard C.
**Subject:** Meet and Confer re Sarva's Discovery Responses

Jason,

Please see attached letter and let me know when you are available to discuss.

Thank you,

Peter

Peter Bales | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3655 | Direct Fax: (415) 904-3121 | Switchboard: (415) 227-0900 | pbales@buchalter.com | www.buchalter.com | Bio

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

# EXHIBIT 5

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RAMESH SARVA, individually | ) | |
| and on behalf of RAMESH SARVA | ) | |
| CPA, P.C. | ) | |
| Plaintiffs, | ) | Case No. 15-CV-0219-FLB |
| | ) | PLAINTIFF RAMESH SARVA CPA, P.C.'s |
| | ) | SUPPLEMENTAL RESPONSES |
| | ) | TO DEFENDANT'S FIRST SET OF |
| | ) | INTERROGATORIES |
| v. | ) | |
| | ) | |
| COMERICA BANK | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure §33 and § 26,

Plaintiff Ramesh Sarva, CPA P.C. hereby supplements its original responses to Defendant Comerica

Bank's First Set of Interrogatories.

**<u>GENERAL RESPONSES AND OBJECTIONS</u>**

Each of the Responding Plaintiffs' responses, in addition to any specifically stated objections, is

subject to and incorporates the following general responses and objections. The assertion of the same,

similar, or additional objections, or a partial response to any individual request does not waive any of

the plaintiffs' general responses and objections.

1.      The following responses reflect the current state of the plaintiffs' knowledge,

understanding and belief respecting matters about which inquiry has been made. The plaintiffs

expressly reserve their right to supplement or modify these responses with such pertinent information as they may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure.  The plaintiffs expressly reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2.      The plaintiffs object to any interrogatory that seeks information constituting or containing information concerning communications between the plaintiffs and their counsel, which are protected by the attorney-client privilege.

3.      The plaintiffs object to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4.      The inadvertent provision of information or the production by the plaintiffs of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents.  In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the plaintiffs upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5.      The plaintiffs object to any interrogatory to the extent that it purports to impose upon them any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

6.      The plaintiffs object to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or

use imprecise specifications of the information sought.

7.    The plaintiffs object to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.    The plaintiffs object to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the plaintiffs can identify and provide requested information.

9.    None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendants' First Set of Interrogatories. The plaintiffs' written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10.    The plaintiffs object to any interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), the plaintiffs object to any such interrogatory on the grounds that it is premature in light of the present early stage of discovery.  The plaintiffs expect to receive documents through discovery that will concern and provide information responsive to such interrogatories. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with such interrogatories would require the plaintiffs to continually supplement their responses each time they receive an

additional document or information concerning the subject contention on which the interrogatory seeks information.   Doing so would cause the plaintiffs to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. *See, e.g, Nestle Foods Corporation, v. Aetna Casualty and Surety Company,* 135 F.R.D. 101, 110-111 ( D.N.J. 1990); *Conopco, Inc. v. Warner-Lambert Co.,* 2000 WL 342872, * 4 (D.N.J. 2000); *B. Braun Medical Inc., v. Abbot Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).   Accordingly, in response to any such contention interrogatory, the plaintiffs will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserve the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

11.     The plaintiffs object to any interrogatory that seeks information that is already in the defendants' possession.

12.     The plaintiffs state that the answer to many of the defendants' interrogatories may, in substantial part, be derived or ascertained from the plaintiffs' records as well as documents produced by the defendants in discovery.   Pursuant to Fed. R. Civ. P. 33(d), as the burden of deriving or ascertaining the answer to such interrogatories from such records and documents is substantially the same for the defendants, the plaintiffs will respond to such interrogatories by identifying the documents and records from which the answer may be ascertained.   Responsive documents and records in the plaintiffs' possession are identified by bates number, and responsive documents and records produced by the defendants are identified by bates number and/or category description to the extent possible.   To the extent that the defendants do not have in their possession such documents bearing identified bates numbers, the plaintiffs will make such bates-numbered documents available for the defendants' inspection and copying at a mutually convenient time and place.

13.     Unless otherwise indicated, the plaintiffs will not provide information encompassed by their general responses and objections or by their specific objections set forth below.

## SUPPLEMENTAL SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 2**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addresee(s), cc's, and length, all DOCUMENTS which support YOUR response to Interrogatory No. 1.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

- P01832 – P01858

- P01865 - P01882

**Interrogatory No. 3**

For the meeting that YOU attended with COMERICA where YOU allege an oral agreement was formed, identify the date of the meeting and all statements made by any PERSON at that meeting concerning the terms of any agreement between YOU and COMERICA.

**Supplemental Response**

Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. Defendant seeks to require plaintiff to create and provide the equivalent of a lengthy narrative of a meeting that took place nearly five (5) years ago, of which plaintiff would have to spectacularly recall. Without waiving said objection, Plaintiff recalls that Comerica Bank requested of him to undertake the accounting functions of all VEBA trusts.  Comerica Bank approved of a split of $1,200.00 per member, per year that was to be paid to Ramesh Sarva.

**Interrogatory No. 4**

Identify all non-privileged COMMUNICATIONS between YOU and any PERSONS concerning the "agreement" alleged in the COMPLAINT including, but not limited to, the identity of the PERSONS involved, the statements made during such COMMUNICATIONS, along with the date, time, and form of COMMUNICATIONS.

**Supplemental Response**

Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. The communications are so numerous that to require plaintiff to identify and list the exact dates and times of the requested communications over a five (5) year period would necessitate plaintiff to recall information at an eidetic or impossible level. Without waiving said objection, plaintiff, between 2010 and present, has communicated with several people including, but not limited to, Kenneth Elliot, Francine Ohta, Robert Gajewski, Cliff Langwith, Sandra Miller, Guarang Parikh and plaintiff's employees and plaintiff's counsel regarding the agreement entered into on November 17, 2010. The subject matter of those communications related to the accounting, bookkeeping, and administration services that plaintiff performed at Comerica Bank's request.

**Interrogatory No. 5**

Identify all COMMUNICATIONS between YOU and COMERICA concerning the "agreement" alleged in the COMPLAINT including, but not limited to, the identity of the PERSONS involved, the statements made during such COMMUNICATIONS, along with the date, time, and form of COMMUNICATIONS.

**Supplemental Response**

Plaintiff further objects to this interrogatory as unduly burdensome and overly broad. The communications are so numerous that to require plaintiff to identify and list the exact dates and times of the requested communications over a five (5) year period would necessitate plaintiff to recall

information at an eidetic or impossible level.  Without waiving said objection, plaintiff, between 2010

and present, has communicated with several people connected to Comerica Bank including, but not

limited to, Francine Ohta, Robert Gajewski, Cliff Langwith, and Sandra Miller regarding the agreement

entered into on November 17, 2010.  The subject matter of those communications related to the

accounting, bookkeeping, and administration services that plaintiff performed at Comerica Bank's

request..

**Interrogatory No. 6**

Identify, by bates number (if the document has been produced) or otherwise describe by date,

time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support

YOUR responses to Interrogatories Nos. 3, 4 and/or 5.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced

on the annexed disc in folder "R2 Bates":

- P01832 – P01858

- P01865 – P01882.

**Interrogatory No. 7**

State all facts on which YOU base YOUR contention that COMERICA agreed that YOU "were

to be paid $1,200.00 per annum, per member" as alleged in the COMPLAINT at paragraph 8.

**Supplemental Response**

Subject to and without waiving the General Responses and Objections set forth above, the

Responding Plaintiff answers this interrogatory as follows:

Prior to the agreement between Comerica and Ramesh Sarva, the bookkeeping, accounting, and

**VERIFICATION**

As President of Ramesh Sarva CPA, P.C., I, Ramesh Sarva, have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the penalties of perjury this _9th_ day of July, 2015.


_____
Ramesh Sarva
President of Ramesh Sarva
CPA, P.C.

in the COMPLAINT at paragraph 10.

**Supplemental Response**

On a daily basis, plaintiff:

- monitored VEBA members' contributions to Comerica Bank;

- posted each deposit to the individual members account when a contribution is received;

- sent acknowledgments to contributing members stating that Comerica Bank has received their contribution check;

- informed the insurer (e.g. AIG, MetLife, Prudential, etc.) that members' contribution funds were received by the Trustee (Comerica Bank) and said funds were available to pay correlating members' annual insurance premiums;

- informed the Trustee (Comerica Bank) that upon its receipt of insurer's invoice for annual premiums, Trustee must disperse funds to pay for members' annual insurance premiums;

On a monthly basis, plaintiff:

- performed bank reconciliations for each VEBA Trust;

- posted to the general ledger of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared cash flow statements of each VEBA Trust;

On an annual basis, plaintiff:

- reviewed general ledgers of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

    &bull;     prepared Form 990 (Return of Organization Exempt from Income Tax) for each VEBA Trust;

    &bull;     submitted Form 990 to Internal Revenue Services and obtained confirmation;

    &bull;     submitted copies of Form 990 to VEBA Trust Administrator;

submitted copies of Form 990 to VEBA Trustee (Comerica Bank).

**Interrogatory No. 10**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 9.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

    &bull;     P01832 – P01858

    &bull;     P01865 – P01882.

Furthermore, plaintiff directs defendants and its counsel to the following bates numbered documents produced on the annexed disc in folder "R1 Bates" which evidences plaintiff's work product:

    &bull;     P00001 - P01831

**Interrogatory No. 11**

State all facts on which YOU base YOUR contention that YOU "performed in good faith services for [COMERICA] valued at $1,700,000.00" as alleged in the COMPLAINT at paragraph 17.

**Supplemental Response**

On a daily basis, plaintiff:

- monitored VEBA members' contributions to Comerica Bank;

- posted each deposit to the individual members account when a contribution is received;

- sent acknowledgments to contributing members stating that Comerica Bank has received their contribution check;

- informed the insurer (e.g. AIG, MetLife, Prudential, etc.) that members' contribution funds were received by the Trustee (Comerica Bank) and said funds were available to pay correlating members' annual insurance premiums;

- informed the Trustee (Comerica Bank) that upon its receipt of insurer's invoice for annual premiums, Trustee must disperse funds to pay for members' annual insurance premiums;

On a monthly basis, plaintiff:

- performed bank reconciliations for each VEBA Trust;

- posted to the general ledger of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared cash flow statements of each VEBA Trust;

On an annual basis, plaintiff:

- reviewed general ledgers of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared Form 990 (Return of Organization Exempt from Income Tax) for each VEBA Trust;

- submitted Form 990 to Internal Revenue Services and obtained confirmation;

- submitted copies of Form 990 to VEBA Trust Administrator;

submitted copies of Form 990 to VEBA Trustee (Comerica Bank).

**Interrogatory No. 12**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 11.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

- P01832 – P01858

- P01865 – P01882.

Furthermore, plaintiff directs defendants and its counsel to the following bates numbered documents produced on the annexed disc in folder "R1 Bates" which evidences plaintiff's work product:

- P00001 - P01831

**Interrogatory No. 13**

For all "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT, identify the date(s) the services were provided, the hour(s) spent on those services, and the specific services provided.

**Supplemental Response**

Plaintiff further objects to this interrogatory as unduly burdensome and overly broad.  The hours spent were so numerous that to require plaintiff to identify and list the exact dates and hours spent on the trust accounting, bookkeeping and administration services would rise to the level of harassment and annoyance.  Without waiving said objection:

On a daily basis, plaintiff:

- monitored VEBA members' contributions to Comerica Bank;

- posted each deposit to the individual members account when a contribution is received;

- sent acknowledgments to contributing members stating that Comerica Bank has received their contribution check;

- informed the insurer (e.g. AIG, MetLife, Prudential, etc.) that members' contribution funds were received by the Trustee (Comerica Bank) and said funds were available to pay correlating members' annual insurance premiums;

- informed the Trustee (Comerica Bank) that upon its receipt of insurer's invoice for annual premiums, Trustee must disperse funds to pay for members' annual insurance premiums;

On a monthly basis, plaintiff:

- performed bank reconciliations for each VEBA Trust;

- posted to the general ledger of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared cash flow statements of each VEBA Trust;

On an annual basis, plaintiff:

- reviewed general ledgers of each VEBA Trust;

- prepared financial statements of each VEBA Trust;

- prepared Form 990 (Return of Organization Exempt from Income Tax) for each VEBA Trust;

- submitted Form 990 to Internal Revenue Services and obtained confirmation;

- submitted copies of Form 990 to VEBA Trust Administrator;

submitted copies of Form 990 to VEBA Trustee (Comerica Bank).

**Interrogatory No. 14**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to to Interrogatory No. 13.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

- P01832 – P01858

- P01865 – P01882.

Furthermore, plaintiff directs defendants and its counsel to the following bates numbered documents produced on the annexed disc in folder "R1 Bates" which evidences plaintiff's work product:

- P00001 - P01831

**Interrogatory No. 15**

Identify all payments YOU requested and/or received from any PERSONS for YOUR services

RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff supplements its previous answers by stating that plaintiff has requested payment from a substantial amount of members participating in the VEBA Trusts. Further discovery is needed to determine if any payments were paid to plaintiff.

**Interrogatory No. 16**

Identify, by bates number (if the document has been produced) or otherwise describe by date, time, subject matter, addressor(s), addressee(s), cc's, and length, all DOCUMENTS which support YOUR response to Interrogatory No. 15.

**Supplemental Response**

Plaintiff directs Defendant and its counsel to the following bates numbered documents produced on the annexed disc in folder "R23 Bates":

- P01883 – P02431.

Comerica should note that the above referenced bates numbered documents (P01883 – P02431) are emails which contain attachments. Those attachments can be found in folder "R1 Bates" of the annexed disc under the following bates numbers:

- P01452 – P01823.

The exact directory of those attachments are as follows:

- Comerica Bates\R1 Bates\SOCA BUILDING\Individual Member Statements;

- Comerica Bates\R1 Bates\SOCA BUILDING\Member Reconciliations;

- Comerica Bates\R1 Bates\SOCA CONSULTANT\Individual Member Statements

- Comerica Bates\R1 Bates\SOCA CONSULTANT\Member Reconciliations

- Comerica Bates\R1 Bates\SOCA ENTERTAINMENT\Individual Member Statements

- Comerica Bates\R1 Bates\SOCA ENTERTAINMENT\Member Reconciliations

- Comerica Bates\R1 Bates\SOCA MANUFACTURERS\Individual Member Statements

- Comerica Bates\R1 Bates\SOCA MANUFACTURERS\Member Reconciliations

- Comerica Bates\R1 Bates\SOCA MEDICAL\Individual Member Statements

- Comerica Bates\R1 Bates\SOCA MEDICAL\Member Reconciliations

- Comerica Bates\R1 Bates\SOCA RETAIL\Individual Member Statements

- Comerica Bates\R1 Bates\SOCA RETAIL\Member Reconciliations

**Interrogatory No. 18**

Describe all services YOU performed for Sea Nine Associates, Inc. RELATED TO the VEBAs including, but not limited to, the date(s) the services were provided, the hour(s) spent on those services, the person(s) providing those services, and the specific services provided.

**Supplemental Response**

Object ambiguous, burdensome, and not reasonably calculated to lead to any admissible evidence.

**Interrogatory No. 19**

Describe all services YOU performed for Kenneth Elliot RELATED TO the VEBAs including, but not limited to, the date(s) the services were provided, the hour(s) spent on those services, the person(s) providing those services, and the specific services provided.

**Supplemental Response**

Object ambiguous, burdensome, and not reasonably calculated to lead to any admissible evidence.

**Interrogatory No. 20**

Describe all services YOU performed for any employers participating in the VEBAs RELATED TO the VEBAs, including, but not limited to, the date(s) the services were provided, the person(s) providing those services, the hour(s) spent on those services, and the specific services provided.

**Supplemental Response**

Object ambiguous, burdensome, and not reasonably calculated to lead to any admissible evidence.

**Interrogatory No. 21**

Identify all hourly rates YOU charged any PERSONS for YOUR accounting services at any time from 2010 to the present.

**Supplemental Response**

Plaintiff further objects to this interrogatory as unduly burdensome and overly broad.  The agreement between Comerica Bank and Ramesh Sarva for plaintiff's fees did not contemplate payment on an hourly basis.  Furthermore, for services rendered

**Interrogatory No. 22**

For each response to COMERICA's First Set of Requests for Admissions that is not an unqualified admission state the number of the request and identify all facts and documents upon which YOU base YOUR response.

**Supplemental Response**

Plaintiff further objects to this interrogatory as the information sought is unreasonably

duplicative and unduly burdensome.

Dated: July 8, 2015

/s/ Bernard Ouziel, Esq.

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

EXHIBIT 6

Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RAMESH SARVA, individually<br>and on behalf of RAMESH SARVA<br>CPA, P.C.<br>Plaintiffs,<br><br><br><br><br>v.<br><br>COMERICA BANK<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 15-CV-0219-FLB<br>PLAINTIFF RAMESH SARVA CPA P.C.'s<br>SUPPLEMENTAL RESPONSE TO DEFENDANT'S<br>FIRST SET OF REQUEST FOR PRODUCTION OF<br>DOCUMENTS |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure §34 and Eastern

District of New York Local Rule 26, Plaintiff Ramesh Sarva CPA, P.C. hereby supplements its prior

responses to Defendant Comerica Bank's First Set of Requests for Production as follows:

## GENERAL OBJECTIONS

1.     Plaintiff objects to Defendant's request for production of documents to the extent that the

requests are overly broad and unduly burdensome, and to the extent that Defendant seeks documents

protected from disclosure by the attorney-client privilege, attorney work product doctrine, deliberative

process privilege, law enforcement / investigatory files privilege, and other applicable privileges.

2.     Plaintiff objects to Defendant's request for production of documents to the extent that

Plaintiffs seek the discovery of information which is beyond the scope of this lawsuit, and therefore

irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      This response is made without waiver of, and with express reservation of all questions as to competency, relevancy, materiality, and admissibility of the responses to document requests as evidence for any purpose in any further proceedings in this action (including the trial of this action) or in any other action.

4.      Likewise, Plaintiff's objections to Defendant's request for production of documents are based upon the information presently known by the Plaintiff, and are made without prejudice to the Plaintiff's right to assert additional objections in the event that additional grounds for objections should be discovered by the Plaintiff subsequent to this response. Without waiving the above objections, Plaintiff will provide responses to relevant, non-privileged matters based on information currently available to it, subject only to the requirements for supplementation of responses contained in Fed. R. Civ. P. 26(e).

5.      Plaintiff objects to the requests to the extent they attempt to impose obligations that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure or other applicable law.

6.      Plaintiff objects to the requests to the extent they seek documents or information in the possession, custody, or control of entities or persons other than Plaintiff.

7.      Plaintiff objects to the requests to the extent they seek documents or information that no longer exists or has otherwise been lost, misplaced, or destroyed.

8.      Plaintiff objects to the requests as unduly burdensome to the extent that they seek documents previously produced to the Defendant and its attorneys and/or are publicly available on the Internet.  Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for the Defendant as for the Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff provides the following

responses:

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 2:**

All COMMUNICATIONS between YOU and the PERONS identified in YOUR Rule 26 Disclosures, dated April 17, 2015, that RELATE TO the subject matters identified in the Rule 26 Disclosures for those PERSONS.

**Supplemental Response**

Supplementing plaintiff's prior responses, plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc in folder "R2 Bates":

- P01865-P01882

**Request No. 4:**

All DOCUMENTS identified in the COMPLAINT.

**Supplemental Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc in folder "R1 Bates":

- General Ledgers for each of the VEBA Trusts: P00001 – P00991
- Tax Filings for each of the VEBA Trusts: P00992 – P01451
- Accounting/Bookkeeping Records: P01452 – P01831

If a password is required to open a document, said password is "MB300-1983".

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 5:**

All DOCUMENTS identified in YOUR responses to COMERICA's First Set of Interrogatories.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 6:**

All DOCUMENTS which YOU contend establish that COMERICA entered into any agreement with YOU to assist with "discharging [COMERICA's] bookkeeping, accounting, and administrative services for the 236 members" of the VEBAs as alleged in the COMPLAINT at paragraph 7.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents

become available to Plaintiff.

**Request No. 7:**

  All DOCUMENTS which YOU contend establish that COMERICA agreed that YOU were to

be paid "$1,200.00 per annum, per member" as alleged in the COMPLAINT at paragraph 8.

**Supplemental Response**

  Plaintiff's counsel directs Defendant to the following bates numbered documents produced on

the annexed disc:

-  P00001 – P01831 – Plaintiff's work product

-  P01832 – P01858 – Email correspondence

-  P01865 – P01882 – Log-in credentials, etc.

-  P01883 – P02431 – Invoices served on participating VEBA members

-  P01452 – P01823 – Individual Member Statements & Reconciliation Statements

  Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents

become available to Plaintiff.

**Request No. 8:**

  All DOCUMENTS which YOU contend establish that YOU "performed bookkeeping,

accounting, and administrative services for the 236 members for years 2007 through 2013" as alleged

in the COMPLAINT at paragraph 10.

**Supplemental Response**

  Supplementing plaintiff's prior responses, Plaintiff's counsel directs Defendant to the following

bates numbered documents produced on the annexed disc:

-  P00001 – P01831 – Plaintiff's work product

-  P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 9:**

All DOCUMENTS which YOU contend establish that YOU "performed in good faith services for [COMERICA] valued at $1,700,000.00" as alleged in the COMPLAINT at paragraph 17.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 10:**

All COMMUNICATIONS between YOU and COMERICA RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on

the annexed disc:

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

As of the date of this response, plaintiff's counsel states that emails from an overseas server are attempting to be restored.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 11:**

All DOCUMENTS RELATED TO any handwritten or typed notes that YOU made during or immediately following any COMMUNICATIONS between YOU and COMERICA RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01865 – P01882 – Log-in credentials, etc.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 12:**

All COMMUNICATIONS between YOU and COMERICA RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

As of the date of this response, plaintiff's counsel states that emails from an overseas server are attempting to be restored.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 13:**

All COMMUNICATIONS between YOU and Sea Nine Associates, Inc. RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff incorporates by reference its General Objections as set forth above. Plaintiff's counsel directs Defendant to the Responses to Requests for Production of Documents as responded to herein.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 14:**

All COMMUNICATIONS between YOU and Kenneth Elliot RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01832 – P01858 – Email correspondence

As of the date of this response, plaintiff's counsel states that emails from an overseas server are attempting to be restored.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 15:**

All COMMUNICATIONS between YOU and Guarang Parikh RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01832 – P01858 – Email correspondence

As of the date of this response, plaintiff's counsel states that emails from an overseas server are attempting to be restored.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 16:**

All non-privileged COMMUNICATIONS between YOU and any PERSONS, including employers participating in the VEBAs, RELATED TO YOUR "bookkeeping, accounting, and administrative services" alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01883 – P02431 – Invoices served on participating VEBA members

**Request No. 17:**

All DOCUMENTS that establish any written or oral agreements between YOU and COMERICA RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on

the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 18:**

All DOCUMENTS that establish any written or oral agreements between YOU and COMERICA RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 19:**

All DOCUMENTS that establish any written or oral agreements between YOU and Sea Nine Associates, Inc. RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P00001 – P01831 – Plaintiff's work product

- P01832 – P01858 – Email correspondence

- P01865 – P01882 – Log-in credentials, etc.

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 20:**

All DOCUMENTS that establish any written or oral agreements between YOU and Kenneth Elliot RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff incorporates by reference its General Objections as set forth above.  Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 21:**

All DOCUMENTS that establish any written or oral agreements between YOU and Guarang Parikh RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff incorporates by reference its General Objections as set forth above.  Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 22:**

All non-privileged DOCUMENTS that establish any written or oral agreements between YOU and any employers participating in the VEBAs, RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff incorporates by reference its General Objections as set forth above.  Plaintiff specifically objects to this Request as being overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information.

**Request No. 23:**

All DOCUMENTS RELATED TO any bills or invoices that YOU sent to any PERSONS for services YOU provided RELATED TO the VEBAs.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 24:**

All DOCUMENTS RELATED TO any payments that YOU received from any PERSONS for services YOU provided to the VEBAs.

**Supplemental Response**

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 25:**

All DOCUMENTS RELATED TO any payments that YOU requested from any employers participating in the VEBAs for YOUR services.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 26:**

All DOCUMENTS RELATED TO any payments that YOU received from any employers participating in the VEBAs for YOUR services.

**Supplemental Response**

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 27:**

All DOCUMENTS that establish the date(s) and hour(s) for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Supplemental Response**

Plaintiff objects to this Request on the grounds that it is unduly burdensome and overbroad.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents

become available to Plaintiff.

**Request No. 28:**

All DOCUMENTS RELATED TO any accounting records for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Supplemental Response**

Plaintiff directs defendant's counsel to the folder "R28 Bates" produced on the annexed disc.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 29:**

All DOCUMENTS that IDENTIFY alleged money owed by COMERICA as accounts receivable and/or an asset on YOUR balance sheet.

**Supplemental Response**

Plaintiff directs defendant's counsel to the folder "R28 Bates" produced on the annexed disc.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 30:**

All DOCUMENTS RELATED TO any billing records for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Supplemental Response**

Plaintiff directs defendant's counsel to the folder "R28 Bates" produced on the annexed disc.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 31:**

All DOCUMENTS RELATED TO any invoices for any services YOU, or PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA.

**Supplemental Response**

Plaintiff's counsel directs Defendant to the following bates numbered documents produced on the annexed disc:

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 32:**

All DOCUMENTS that establish any payments YOU made to any PERSONS working on YOUR behalf for services those PERSONS provided to the VEBAs and/or COMERICA.

**Supplemental Response**

Plaintiff objects to this Request on the grounds that it is unduly burdensome and overbroad.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 33:**

All DOCUMENTS that IDENTIFY the PERSONS who worked on YOUR behalf in providing the services alleged in the COMPLAINT.

**Supplemental Response**

Plaintiff objects to this Request on the grounds that it is unduly burdensome, overbroad, and not reasonably calculated to lead to relevant information.

Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents become available to Plaintiff.

**Request No. 34:**

All DOCUMENTS RELATED TO any collection effort YOU made for any services YOU, or

PERSONS working on YOUR behalf, provided to the VEBAs and/or COMERICA prior to filing the

COMPLAINT.

**Supplemental Response**

      Plaintiff's counsel directs Defendant to the following bates numbered documents produced on

the annexed disc:

- P01883 – P02431 – Invoices served on participating VEBA members

- P01452 – P01823 – Individual Member Statements & Reconciliation Statements

      Notwithstanding the above, Plaintiff shall supplement this Response if responsive documents

become available to Plaintiff.

Dated: July 8, 2015

/s/ Bernard Ouziel, Esq.
Bernard Ouziel, Esq.
13 Schoolhouse Lane
Great Neck, NY 11020
P: (516)466-0082