# Law Offices of Bernard Ouziel

13 Schoolhoue Lane,
Great Neck, New York 11020
T:(516)466-0082

July 28, 2015

Honorable Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1120

    Re:    Ramesh Sarva, et. al. v. Comerica Bank
            CV-15-0219-FLB
            <u>Plaintiffs' Opposition to Defendant's Letter Dated July 24, 2015</u>

    Please find this letter in opposition to defendant's correspondence filed with Your Honor on July 24, 2015.  First, this is a case where the defendant is a large, multinational corporation attempts to use its faculties to inundate a small business owner by drowning plaintiffs in paperwork.  Likewise, the large law firm attempts to bury a solo practitioner with paperwork.  Second, defendant may not like the answers we have provided in our responses, but, nonetheless, they are our answers – and there are over 2500 pages of documents to go along with them.  Finally, as will be demonstrated below, defendant's counsel files this motion with a lack of good faith.

**<u>The Gravaman of the Lawsuit</u>**

    This issue at heart in this action is simple to grasp: Was there an agreement between Plaintiffs and Defendant?  The answer is yes.  On November 17, 2010, Ramesh Sarva (hereinafter, "Sarva") flew to Palo Alto, California to voice his concern regarding the accounting, administration, and bookkeeping services of six (6) VEBA Trusts (hereinafter, "VEBA Trusts").  The reason for his concern was genuine: As the longtime accountant for 54 clients who participated in the VEBA Trusts, Mr. Sarva personally witnessed the near-lapse of dozens of life insurance policies while under the trusteeship of Comerica Bank (hereinafter, "Comerica").  When Mr. Sarva's clients were noticed of the policy lapses, they hastily approached him demanding answers.  Each time a client did so, Mr. Sarva would have to call Comerica, who was trustee and custodian of the funds, and demand that it pay the outstanding premiums to bring the policy current.  The source of these crises lay in the bookkeeping, accounting, and administration services provided by Comerica Bank.

    At a meeting at defendant's Palo Alto office on November 17, 2010, Mr. Sarva expressed his concerns to Comerica about the lack of proper and effective bookkeeping and accounting of the VEBA Trusts.  It was that day in Palo Alto that an agreement was struck between Comerica Bank and Mr. Sarva, in which it was agreed that Mr. Sarva would take over the bookkeeping, accounting, and administration services for the VEBA Trusts.  Sarva was then induced by defendant to commence supplying his bookkeeping and accounting services to defendant by the delivery to him of log-in credentials,[1] which was the only way he could access Comerica's internal VEBA Trust account records.

    For four (4) tireless years, Mr. Sarva's services kept Comerica in compliance with IRS

---

[1] These log-in credentials were given to him by those responsible for carrying out Comerica's obligations under the Trust Agreements.

regulations; streamlined communication between Comerica Bank, Sea Nine Associates (hereinafter, "Sea Nine"), acting as the Trust Administrator, and each insurance company insuring each VEBA participant; and, only by reason of these services, the VEBA participants avoided the possibility of the insurance policies from lapsing.  Despite Comerica's assurance that Mr. Sarva would be compensated for his services, he has received nothing.

**The Time for Discovery – Comerica's Demands, Sarva's Responses**

As a preface to this section, the fact is that Sarva has limited resources needed to maintain and preserve records.  In line with Rule 26 of the Federal Rules of Civil Procedure, Sarva has fully responded to each of defendant's discovery demand to the best of his ability, while exhausting every effort to obtain discoverable documents.  The same cannot be said by defendant, as will be demonstrated by reference below to defendant's lack of responses.

<u>Comerica's Interrogatory No. 13/Document Demand No. 27.</u>  On no less than two occasions (see, **Exhibit A**, p. 3 & 5), plaintiffs' counsel informed Comerica that all discovery has been turned over.  In other words, the information sought by the above-referenced Interrogatory No. 13 and Demand No. 27 does not exist.  To reiterate prior conversations between the parties, Comerica's counsel is well aware that Mr. Sarva's agreement with Comerica was based upon $1,200.00 per year, per member, regardless of the amount of time spent.  What is more, defendant's counsel has been advised that plaintiffs kept no records of time.  Hence plaintiffs gave to defendant what plaintiffs could possibly give to them – beyond that, the records just don't exist.

<u>Comerica's Interrogatory No. 15.</u>  As stated in the Supplemental Response, Mr. Sarva requested payment from a substantial amount of VEBA Trusts' members.  As such, Comerica can look to bates numbered documents P01883 – P02431 (see, **Comerica's Exhibit 6**, Supp. Resp. to Req. No. 23) for an identification of individuals Mr. Sarva requested payments from.

<u>Comerica's Document Demand No. 24.</u>  This demand goes hand-in-hand with Comerica's Interrogatory No. 15, in which Comerica seeks information/documents pertaining to payments received by plaintiffs (see, bates numbered documents P01883 - P02431).  To that end and as plaintiffs disclosed in their previous responses, further discovery is needed to determine if any payments were paid to plaintiffs and from whom.

<u>Comerica's Interrogatories Nos. 18, 19, 20, and 21; Comerica's Demands Nos. 19, 20, 21, and 22.</u>  Plaintiffs maintain that the Agreement was between Comerica Bank and Mr. Sarva on a pre-set fee basis.  No agreement existed between plaintiffs and Kenneth Elliott or Sea Nine or any other person.  Therefore, the information sought by defendant's discovery demands do not exist.  Comerica may not like that answer, but that is fact.  Again, defendant was informed on numerous occasions that all documents plaintiff had in its possession were turned over to them (see, **Exhibit A**, pgs. 3 & 5).  Furthermore, the agreement between Sarva and Comerica did not contemplate payment on an hourly basis.  In point of fact, these records also do not exist.

<u>Comerica's Interrogatory No. 22.</u>  Defendant's may not like plaintiffs response to this interrogatory, but that's the answer that exists.  To the extent defendant wants or are requesting factual minutia, it has already received this information in other responses made by plaintiffs to defendant's prior discovery demands (including, without limitation, Interrogatory Nos. 1 & 3;  and Demands Nos. 2, 4, 5, & 7), thus making plaintiffs' response to this interrogatory duplicative and burdensome.

**The Hypocrisy of Comerica Bank – Sarva's Demands, Comerica's Responses**

 Throughout the past few months, Comerica's counsel has pressured Mr. Sarva's counsel at every opportunity to turn over documents.  Over and over again in written emails, defendant's attorneys state phrases such as:
- "time is of the essence"(see, **Exhibit B**, pgs. 1 & 2);
- "given the very tight discovery deadlines" (see, **Exhibit C**, pgs. 1 & 3);
- "given the short period allowed for discovery" (see, **Exhibit D**, pgs. 2 & 4);
- "the court made it clear that there will be no extensions of the discovery cut off"(see, **Exhibit E**, p. 1); and,
- "hence, why we are enforcing these deadlines so strictly" (Id.).

 On the one hand, defendant is aware of the time pressure imposed by the discovery deadlines enumerated by the Court and by defendant.  Yet, when responding to plaintiffs' document demands, Comerica has refused to produce a single document (see, **Exhibit F**), thereby pushing plaintiff against the clock.  The time for complying with plaintiffs' demands is now, not after the the deadline has expired.  Invariably, in every response to plaintiffs' document demands, Comerica uses the same phrase: "Comerica will conduct a reasonable search for documents responsive to this Request in its possession, custody or control, and will produce responsive non-privileged documents to the extent they exist."

 Despite plaintiffs' counsel poring over tens of thousands of pages of documents; despite plaintiffs' counsel turning over nearly 1400 documents/2500+ pages; and despite plaintiffs' counsel's cooperation with Comerica, defendant has produced nothing and has done so in bad faith, fully aware of the looming August 31, 2015 deadline.

**Conclusion**

 In short, plaintiffs have provided every, single piece of responsive information that they have.  Furthermore, Plaintiffs have been nothing but cooperative with defendant's counsel through this discovery process, as well as responsive to opposing counsel's communications.  If there is any shortfall in discovery that has been requested, it is defendant who has failed and not plaintiffs.  Therefore, defendant's motion for sanctions should be denied.

                 Regards,

                  /s/ Bernard Ouziel
                  Bernard Ouziel, Esq.