Richard C. Darwin (CA SBN: 161245)
Peter H. Bales (CA SBN: 251345)
BUCHALTER NEMER
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rdarwin@buchalter.com
Email: pbales@buchalter.com
*Admitted Pro Hac Vice*

Conrad K. Chiu
Bryan T. Mohler
PRYOR CASHMAN LLP
7 Times Square
New York, New York, 10036
Telephone: (212) 421-4100
Fax: (212) 326-0806
Email: cchiu@pryorcashman.com

Attorneys for Defendant Comerica Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMESH SARVA individually and on behalf of RAMESH SARVA CPA, P.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>COMERICA BANK, in its capacity as Trustee<br><br>Defendant | Case No. CV-15-0219 FLB<br><br>**DEFENDANT COMERICA BANK'S ANSWER TO AMENDED COMPLAINT** |

As an answer to the Amended Complaint (the "Complaint") filed by Plaintiffs' Ramesh Sarva, and Ramesh Sarva CPA, P.C., Defendant Comerica Bank, in its capacity as Trustee, ("Defendant") responds and alleges and follows:

1

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint, and on that basis they are denied.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint, and on that basis they are denied.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint, and on that basis they are denied.

4. Defendant admits that its headquarters are located in Dallas, Texas, and that it has maintained offices located at 230 Park Avenue, New York, New York. Defendant admits that it is the directed trustee of the six master trusts identified in paragraph 4 of the Complaint (hereafter referred to as the "Trusts"). To the extent not explicitly admitted, the allegations contained in paragraph 4 of the Complaint are denied.

5. Defendant admits that it is the directed trustee of the Trusts associated with voluntary employee beneficiary associations for which Sea Nine Associates, Inc. was, at one time, the plan administrator. To the extent not explicitly admitted, the allegations contained in paragraph 5 of the Complaint are denied.

6. Comerica admits that under the terms of the operative master trust agreements, it is obligated to keep full and complete records of the administration of the trusts. To the extent not explicitly admitted, the allegations contained in paragraph 6 of the Complaint are denied.

7. Defendant denies each and every allegation of paragraph 7 of the Complaint.

8. Defendant denies each and every allegation of paragraph 8 of the Complaint.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

9. Defendant hereby incorporates by reference its responses to the allegations set forth in paragraphs 1-8 of the Complaint, inclusive.

10. Defendant denies each and every allegation of paragraph 10 of the Complaint.

11. Defendant admits that it has not paid any fees to Plaintiffs, but denies that Plaintiffs provided any services to Defendant. To the extent not explicitly admitted herein, Defendant denies each and every allegation of paragraph 11 of the Complaint.

## SECOND CAUSE OF ACTION – ACCOUNT STATED

12. Defendant hereby incorporates by reference its responses to the allegations set forth in paragraphs 1-11 of the Complaint, inclusive.

13. Defendant admits that in July of 2014, Plaintiffs sent invoices from another entity to Defendant in the amount of approximately $1,700,000. To the extent not explicitly admitted herein, Defendant denies each and every allegation of paragraph 13 of the Complaint.

14. Defendant denies each and every allegation of paragraph 14 of the Complaint.

15. Defendant denies each and every allegation of paragraph 15 of the Complaint.

## THIRD CAUSE OF ACTION – QUANTUM MERUIT

16. Defendant hereby incorporates by reference its responses to the allegations set forth in paragraphs 1-15 of the Complaint, inclusive.

17. Defendant denies each and every allegation of paragraph 17 of the Complaint.

BN 20040048v4

18. Defendant denies each and every allegation of paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Failure to State a Claim)

1. The Complaint and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant. Plaintiffs' Complaint fail to identify any enforceable agreement whereby Defendant agreed to compensate Plaintiffs for any services.

### Second Affirmative Defense
### (Equitable Estoppel)

2. Plaintiffs, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein.

### Third Affirmative Defense
### (Laches)

3. Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of laches.

### Fourth Affirmative Defense
### (Unclean Hands)

4. Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of unclean hands.

### Fifth Affirmative Defense
### (Waiver)

5. Plaintiffs waived any right they have to complain about the acts or omissions alleged in the Complaint.

### Sixth Affirmative Defense
### (Failure to Mitigate)

6. Plaintiffs' claims are barred in whole or part because of Plaintiffs' failure to mitigate their damages.

### Seventh Affirmative Defense
### (Offset)

7. By virtue of Defendant's rights to setoff, offset, and recoupment, any monies found due to Plaintiffs, if any, must be diminished by the amounts owed to Defendant.

### Eighth Affirmative Defense
### (Statute of Limitations)

8. Recovery for any injury or damage to Plaintiffs is barred by the applicable statute of limitations.

### Ninth Affirmative Defense
### (Unjust Enrichment)

9. Plaintiffs would be unjustly enriched if permitted to recover on the Complaint.

### Tenth Affirmative Defense
### (Excuse)

10. Plaintiffs cannot recover against Defendant in that the act or failure to act on the part of Defendant was excused by acts and/or omissions of Plaintiffs and/or acts, omissions and other circumstances being beyond Defendant's control.

### Eleventh Affirmative Defense
### (Consent/Ratification)

11. Plaintiffs consented to all of Defendant's acts or omissions which gave rise to the occurrences alleged in the Complaint, and subsequently ratified that conduct.

BN 20040048v4

## Twelfth Affirmative Defense
## (Accord and Satisfaction)

12. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## Thirteenth Affirmative Defense
## (Statute of Frauds)

13. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## Fourteenth Affirmative Defense
## (Failure of Consideration)

14. Plaintiffs' claims are barred in whole or part by reason of the failure of consideration that defeats the effectiveness of the contracts, if any, between the parties.

## Fifteenth Affirmative Defense
## (Unilateral Mistake)

15. Any alleged acts or omissions of Defendant that give rise to Plaintiffs' claims are the result of unilateral mistake.

## Sixteenth Affirmative Defense
## (Mutual Mistake)

16. Any alleged acts or omissions of Defendant that give rise to Plaintiffs' claims are the result of mutual mistake.

## Seventeenth Affirmative Defense
## (Frustration of Purpose)

17. As a result of Plaintiffs' acts and/or omissions, and through no fault of Defendant, the purposes recognized by both Plaintiffs and Defendant as the basis for the contracts, if any, have been fundamentally frustrated and defeated.

## Eighteenth Affirmative Defense
## (Impossibility)

18. Plaintiffs' claims are barred in whole or part because performance of the contracts, if any, has become impossible or totally impracticable through no fault of Defendant.

## Nineteenth Affirmative Defense
## (Modification)

19. Plaintiffs' claims are barred in whole or part because the contracts, if any, were modified by oral or written agreement between the parties.

## Twentieth Affirmative Defense
## (No Standing)

20. Plaintiffs' claims are barred in whole or part because Plaintiffs lack standing to assert the claims against Defendant.

## Twenty-First Affirmative Defense
## (Failure to Comply with the Terms of the Contracts Governing the Trusts)

21. Plaintiffs' claims are barred in whole or part because the alleged oral contracts, if any, were barred by the written contracts governing the administration of the Trusts and the powers of the trustee.

## Twenty-Second Affirmative Defense
## (Failure to Join a Required Party)

22. Plaintiffs' claims are barred in whole or part because the Complaint fails to join the court-appointed plan administrator, who is a required party under Federal Rules of Civil Procedure, Rule 19.

## Twenty-Third Affirmative Defense
## (Unknown Affirmative Defenses)

23. The Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what

BN 20040048v4

defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against it when the precise nature of those claims has been ascertained.

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the Complaint, and each of its purported causes of action, be dismissed with prejudice;

3. That the court award Defendant its expenses and costs incurred in this action;

4. That the court grant Defendant such other and further relief to which it may now or may hereafter be entitled.

DATED: February 4, 2016

BUCHALTER NEMER
A Professional Corporation

By: _____
RICHARD C. DARWIN
PETER H. BALES
Admitted pro hac vice
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
(415) 227-0900 (Telephone)
(415) 227-0770 (Facsimile)
rdarwin@buchalter.com
pbales@buchalter.com

8

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 55 Second Street, 17th Floor, San Francisco, CA 94105-2126.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT COMERICA BANK'S ANSWER TO AMENDED COMPLAINT**

on Participants in the case who are registered CM/ECF users who will be served by CM/ECF system:

☑ I hereby certify that on February 4, 2016, I electronically served the documents (s) on all parties using the CM/ECF system.

☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on February 4, 2016, at San Francisco, California.

Karen Kosola                    *[signature]*
                                (Signature)