# Law Offices of Bernard Ouziel, Esq.

13 Schoolhouse Lane
Great Neck, New York 11020
T:(516)466-0082

Honorable Frederic Block                                                                                            May 25, 2016
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     Ramesh Sarva, et. al. v. Comerica Bank, as Trustee, CV-15-0219-FLB
             Plaintiffs' Brief: Whether Plan Administrator is a Necessary Party to this Action

Dear Judge Block:

     In accordance with the hearing held on May 6, 2016, plaintiffs' counsel submits this brief to further support its position that Nicholas Saakvitne, court-appointed administrator ("Saakvitne"), is not a necessary or indispensable party to this litigation. Plaintiffs' support is grounded in the simple fact that Saakvitne does not fit the criteria required to be a necessary or indispensable party as set forth in FRCP 19.

     Before plaintiffs engage in the analysis, it is important to highlight that this is a New York contractual claim in federal court on diversity grounds; it is not governed by ERISA or any other federal claim. More particularly, this action is a breach of contract issue between Comerica Bank, in its capacity as Trustee of the Sea Nine Plans ("Comerica Bank"), and plaintiffs in which the events at issue occurred long before Saakvitne was appointed as administrator. Furthermore, the VEBA Plan documents make it explicitly clear that the funds, which plaintiffs seek attachment to, belong exclusively to Comerica Bank – not the administrator.

### I. Saakvitne does not rise to the level of a necessary or indispensable party under FRCP 19.

     To begin with, Saakvitne does not fit within the definition enumerated by FRCP 19 of a "necessary" or "indispensable" party. For purposes of analyzing FRCP 19, the term "necessary" means "desirable." See, Bradley v. School Bd. City of Richmond, 51 F.R.D. 139 (E.D.VA 1970).

    a. **Saakvitne is not a necessary or desirable party to this action because this Court can award complete relief to either party in the absence of Saakvitne and Saakvitne's interest remains unimpaired with or without this action.**

     In determining whether a party is required under Rule 19, the Court must first determine if the party is necessary; if necessary, then the Court must answer as to whether that party is an indispensable one. Circle Industries v. City Federal Sav. Bank, 749 F.Supp. 447, 455-56 (E.D.N.Y. 1990). The "necessary" analysis begins with deciding, in relevant part, 1) whether the court can provide complete relief among the joined parties in the non-joined person's absence; or 2) whether the non-joined person is so interested and so situated that determining the merits without that person, as a practical matter, would impair or impede that person's ability to protect its interest. See, FRCP 19(a).

    1. The Court can provide complete relief without Saakvitne being joined in this lawsuit.

     Addressing the first part, complete relief can be afforded to the existing parties, without Saakvitne, for several reasons. In its determination, the Court must look at the facts of the case and to the pleadings filed in this action (Assoc. Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121 (2nd Cir.

1990)).  The gravamen of this action is Comerica Bank's breach of the 2010 contract between Ramesh Sarva <u>and</u> Comerica Bank – Saakvitne was neither a party nor an active participant, and, therefore, mot necessary (<u>see</u>, <u>Bayer Corp. v. Smithkline Beecham, PLC</u>, 1996 WL 34164 (S.D.N.Y. Jan. 29, 1996)).  As a matter of fact, it was not until November 2014 that Saakvitne became the court-appointed administrator of the Sea Nine Plans,[1] making his involvement in the 2010 agreement impossible.  To put it differently, Saakvitne's appointment came years after the agreement commenced, well after Comerica breached the agreement, and weeks before this lawsuit was filed.  Saakvitne was not involved then, and there is no need for him now.

Secondly, in accordance with the VEBA plan documents, the funds which plaintiffs seek attachment to belong solely and exclusively to Comerica Bank, not the administrator.[2]  Saakvitne, therefore, has no vested interest in the monies to satisfy plaintiffs' damages.

Finally, turning to the pleadings, plaintiffs' causes of action are intentionally pled <u>only</u> against Comerica Bank.  Simply: it was Comerica who delegated duties to Sarva; and it was Comerica who breached its agreement to compensate Sarva.  As demonstrated by the First Amended Complaint, Sarva's claims are pled against Comerica and there is no allegation against, or reasonably could be interpreted against, any other entity but the trustee.

The above reasons clearly demonstrate that complete relief – i.e. monetary relief – can be afforded without the presence of the administrator.

2. <u>In determining this merits of this case, Saakvitne's ability to protect his interests as administrator would not be hindered.</u>

Turning to the second part, plaintiffs do not posture that Saakvitne has no interest in this matter; rather, plaintiffs argue that his interests are not "so interested and so situated" to trigger FRCP 19(a)(1)(B).  This provision requires the Court to, in determining the merits of this lawsuit, answer whether any harm would be suffered by Saakvitne as it relates to his ability to protect his non-material interests.  That answer is no – his ability to protect his non-material interest would not be impaired without his presence.

Taking a step back, Saakvitne's interest is to properly exercise his court-appointed duties of managing and arranging the disbursement of trust assets when the Sea Nine Plan documents require him to do so.  For example, when an insured passes away, the insurance company notifies Saakvitne, who then reviews the insurance policy, and then directs Comerica Bank to release the insured's death benefits, i.e. monies held by Comerica Bank, to the beneficiaries of the policy.  Again, there is some interest, but it is not material.

Coming back full circle, Saakvitne's ability to protect himself would not be impaired without him because his role is administrative in nature.  His duties to manage, organize, and arrange disbursements are not interfered with, though he should monitor and note the actions of this case.

As demonstrated above, Saakvitne is not a necessary (desirable) party defined by FRCP 19(a).

**b. Even if it is determined that Saakvitne is a "necessary party," the facts of this case do not support designating him an "indispensable party," a considerably higher standard.**

The second measure of the two-part test, is whether the instant action can proceed in Saakvitne's absence, that is, whether Saakvitne is an indispensable party under FRCP 19(b).  With "equity and good

---

[1] Exhibit A.
[2] Exhibit B, Sections 1.01, 1.02, & 5.01.

2

conscious" in mind, this Court must consider the FRCP 19(b) factors, which were more particularized by the Supreme Court, which stated that when evaluating a 19(b) motion:

> "First, the interest of the plaintiff in having a forum, with the strength of this interest dependent upon `whether a satisfactory alternative exists.' Second, the defendants' interest in avoiding multiple litigation and inconsistent relief. Third, the interests of the nonparty whom it would have been desirable to join even though in his absence a judgment is not res judicata as to, or legally enforceable against, him. Finally, the interest of the courts and the public in complete, consistent and efficient settlement of controversies." Felix Cinematografica v. Penthouse International Ltd., 99 F.R.D. 167, 169 (S.D.N.Y. 1983), qtng. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968).

Importantly, such an evaluation is an equitable one and is left to the Court's discretion. See, Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984).

In applying these factors, plaintiffs are confident that this Court will determine that Saakvitne is a dispensable party. First, there is no "satisfactory" alternative forum that exists. It is a longstanding judicial principle that high deference is to be given to the forum in which plaintiff commenced the action – in this case, New York. New York is where Sarva performed the work; the claims in this case fall within New York's legal jurisdiction; and, again, Saakvitne, a California resident, was not a party to the contract (and could not have been contemplated as one). Further, it would not be prudent, in terms of judicial economy and efficiency, to dismiss this case and have it re-filed in California based solely upon Saakvitne's residence, which, in effect, is what this Court's decision would amount to if it granted defendant's proposed motion.

Second, defendant Comerica Bank, as trustee and owner of the trust assets, would not be subject to multiple litigations in connection with this issue. The agreement was between Ramesh Sarva & Comerica Bank, pursuant to Comerica Bank's authority to delegate its duties under the terms of the Sea Nine Plans. If there was worry by Comerica of multiple litigations, it would come from Sea Nine Associates ("Sea Nine"), not from Nicholas Saakvitne, because Sea Nine was the plan administrator at the time of the agreement. But, upon information and belief, Sea Nine is a defunct entity.

Third, as described above, Saakvitne's interest is limited to the proper exercise of his court-appointed duties. That interest certainly does not rise to the level of material; further, his interest would not be impeded – he can perform his duties just the same, with or without this proceeding.

Finally, consistency, economy, and efficiency are the longest-standing values of the American judicial system. And, consistency, economy, and efficiency would be preserved going forward without Saakvitne's presence. This Court can issue a fair decision, that will afford complete relief to plaintiffs, prevent multiple litigations, and uphold the interests of all parties because the facts of the case are clear: Sarva pled only against Comerica, as trustee; there are two parties to the contract, Comerica and Sarva; and Saakvitne was appointed long after Sarva commenced and ended his services.

## II. Conclusion

For the above reasons, this Court should rule that Saakvitne is neither a necessary party nor an indispensable party, and, therefore, should deny any attempts by defendants to submit a motion to dismiss for failure to join a necessary party.

Respectfully Submitted,

/s/ Jason R. Harrington

Jason R. Harrington, Esq.

3