# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMERICA BANK,<br><br>    Plaintiff - Petitioner,<br><br>vs.<br><br>SEA NINE ASSOCIATES, INC., *et al.*<br><br>    Defendants - Respondents. | Case No. SACV 14-186-JLS (JPRx)<br><br>**ORDER OF APPOINTMENT OF PLAN ADMINISTRATOR** |

Pursuant to the Order Granting Plaintiff-Petitioner's Ex Parte Application to Shorten Notice Period and Set Special Hearing and Granting Plaintiff-Petitioner's Motion to Appoint a Plan Administrator entered in this action on November 18, 2014 (Doc. 57), **IT IS ORDERED THAT**:

1. Nicholas L. Saakvitne ("Saakvitne") is hereby appointed as the Plan Administrator to administer each of the following defendant-respondent Voluntary Employees' Beneficiary Association ("VEBA") benefit plans, that previously were administered by Sea Nine Associates, Inc. ("Sea Nine") through its manager and agent Kenneth Elliott:

- Southern California Manufacturers' and Agricultural Producers' League Voluntary Employees' Beneficiary Association Master Plan;
- Southern California Entertainment and Communication Guild Voluntary Employees' Beneficiary Association Master Plan;
- Southern California Medical Profession Association Voluntary Employees' Beneficiary Association Master Plan;
- Southern California Retail Merchants' League Voluntary Employees' Beneficiary Association Master Plan;
- California Building Supply, Wholesalers' and Contractors' League Voluntary Employees' Beneficiary Association Master Plan; and
- Southern California Consultants' and Financial Planners' Profession Association Voluntary Employees' Beneficiary Association Master Plan.

(Collectively referred to herein as the "Sea Nine Plans").

2. Saakvitne shall have and shall exercise full authority and control with respect to management or disposition of the assets of the Sea Nine Plans, and shall have all powers, duties, rights, and responsibilities conferred upon the Plan Administrator in the operative plan documents, and as otherwise necessary to effectuate the best interests of the Sea Nine Plans and their participants and

1  beneficiaries. Saakvitne's powers include, but are not limited to, discretionary
2  authority, control and responsibility over the administration of the Sea Nine Plans,
3  the management and disposition of the assets of the Sea Nine Plans, the evaluation
4  of the continued viability of the Sea Nine Plans, and the direction of the Directed
5  Trustee, Comerica Bank. Saakvitne may hire an independent administrator, Marita
6  Sanchez, to assist in the transition of fiduciaries and the ongoing administration of
7  the Sea Nine Plans if he deems it in the best interests of the Sea Nine Plans to do so,
8  provided that Ms. Sanchez must supply detailed hourly time records. Saakvitne
9  may also hire actuaries, accountants and counsel as Saakvitne deems necessary to
10 assist with the transition of fiduciaries, to evaluate a potential wind down, to ensure
11 the Sea Nine Plans' conformity with applicable laws and regulations, and as
12 otherwise necessary to fulfill his obligations under this Order.

13     3.    Saakvitne shall, within 30 days of the entry of this Order, lodge with
14 the Court proof of fiduciary insurance in the amount of $3,000,000. The cost for
15 such insurance shall be borne by Saakvitne and not the Sea Nine Plans.

16     4.    Saakvitne is ordered to secure forthwith the papers, documents, files
17 and things relative to the Sea Nine Plans, including but not limited to all Sea Nine
18 Plan documents, files, and computer records currently or previously located at the
19 offices of Kenneth Elliott, Sea Nine, Ramesh Sarva, Sylvia Calhoun, and Mr.
20 Sarva's accounting firm, Ramesh Sarva CPA, (collectively, "Record Holders").
21 The Record Holders shall allow the Saakvitne and his agents or designees access to
22 the Record Holders' premises during regular business hours, shall actively
23 cooperate in identifying and providing papers, documents, files and things relative
24 to the Sea Nine Plans, and shall allow Saakvitne to remove those original papers,
25 original documents, original files and things relative to the Sea Nine Plans, subject
26 to the Record Holders' right to make copies of the same. Saakvitne is further
27 empowered to copy computer data from the computers or other data storage and
28 retrieval systems from the Record Holders. To the extent Saakvitne collects, either

inadvertently or because it is unavoidable, information, computer files or data unrelated to the Sea Nine Plans, he is ordered to maintain the confidentiality of such files and data, and to return such information if reasonably possible.

5. Notwithstanding the injunctions previously entered by this Court, Kenneth Elliott, Sea Nine, Ramesh Sarva, and Sylvia Calhoun are authorized to communicate directly with Saakvitne and his designees for purposes of providing information and documentation about the Sea Nine Plans to assist Saakvitne in fulfilling his obligations under this Order.

6. Within five (5) business days of the entry of this Order, Kenneth Elliott and Sea Nine are ordered to provide Saakvitne with the name, account number, and location of any accounts containing plan assets – including but not limited to cash, investments, insurance policies, and annuities – and to identify and provide the location and deeds, if applicable, of all real or personal property purchased with plan assets.

7. Any insurance company which has issued policies or insurance contracts in connection with the Sea Nine Plans is ordered to comply with any requests for documents, files or other information by Saakvitne and/or by Comerica Bank in its capacity as the Directed Trustee of the Sea Nine Plans. Comerica Bank is ordered to serve this Order on those insurance companies.

8. Comerica Bank is further ordered to provide notice of this Order to the participating employers in the Sea Nine Plans, and is ordered to serve a copy of this Order on the Department of Labor.

9. Saakvitne may charge as fees his standard hourly billing rate, which is currently $459 dollars per hour, plus reimbursement of out-of-pocket costs, for his services. The reasonable fees and expenses of professionals and third-party providers which Saakvitne hires or employs shall be paid from the Sea Nine Plans by Comerica Bank, in its capacity as Directed Trustee, at the direction of Saakvitne and pursuant to Saakvitne's discretion. In connection with Saakvitne's fees and

expenses, Comerica Bank shall provide a $20,000 advance immediately upon the entry of this Order. Saakvitne shall provide hourly time records on a monthly basis to Comerica Bank. Saakvitne shall file a noticed motion, for hearing no later than May 8, 2015, in which Saakvitne shall: (1) seek Court approval of Saakvitne's reasonable fees and expenses through March 31, 2015; (2) attach Saakvitne's precise hourly time records for that time period; (3) set forth all fees and expenses of professionals or third-party providers paid at the direction of Saakvitne during that time period; and (4) propose the amount of a reasonable advance and budget for the administrative fees necessary to accomplish any proposed plan amendments or restatements, to carry out an exit strategy or wind down, or to proceed with continued plan operations.

10. Saakvitne and the parties to this action may at any time apply to this Court for further or other instructions or orders and for further powers necessary to enable Saakvitne to properly perform his duties.

11. Saakvitne shall not be held responsible for any claims against the Sea Nine Plans, the Directed Trustee, the prior plan administrators or the related entities which existed, arose, matured, or vested prior to his appointment.

12. A further status conference in this matter shall be held on **January 9, 2015, at 2:30 p.m.**, at which time Saakvitne shall report to the Court his progress with respect to the transition of fiduciaries, collection of records, and administration of the Sea Nine Plans.

Dated: November 24, 2014

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE